# SUPREME COURT

OF THE

# STATE OF COLORADO

AT JANUARY TERM, A. D. 1921.

---

No. 9743.

WITHERSPOON ET AL. *v.* HORNBEIN ET AL.

Decided March 7, 1921.

Proceeding involving a claim for attorney fees against a corporation. Order allowing claim in full.

*Reversed.*

1. ATTORNEY AND CLIENT—*Fees.* Where an attorney presents an un-itemized bill for services, to the receiver of a corporation, and it appears that a part only of the bill is a proper charge against the company, an order of court directing the receiver to pay the entire amount will not be sustained, it being impossible to determine from the record the value of the services for which a charge could properly be made.

2. CORPORATIONS—*Attorney Fees.* Money of a corporation cannot rightfully be paid out for services rendered by an attorney to directors in defending their misdeeds in office.

(1)

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. DAWSON & WRIGHT, for plaintiffs in error.

Mr. HENRY C. VIDAL, Mr. HENRY A. DUBBS, for defendants in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

IN a stockholders suit instituted by the plaintiffs in error against Sanford Bell, Eloise A. Campbell and L. J. Stark, as directors, and The Rhea Chemical Company, as defendants, for the appointment of a receiver, the defendant in error Hornbein filed an unitemized claim for $1,500.00 as attorney's fee for services rendered the directors and the corporation in the stockholders suit, and for other legal services rendered the corporation immediately prior to the appointment of the receiver. The court ordered the receiver to pay the full claim of Hornbein, and the plaintiff brings error. The order allowing this claim is the question presented for our determination.

It appears that Hornbein was employed by Sanford Bell, as president, to represent The Rhea Chemical Company in an attachment suit brought by one Hildebrand. He also appeared for The Rhea Chemical Company in an injunction suit embracing vital charges brought against the company by one James H. Brown. These suits were still pending at the time the receiver was appointed.

In the stockholders suit brought by the plaintiffs in error there was no question of insolvency. The complaint and answer raised a number of questions based on the dissensions of stockholders and directors. One was the cancellation of the sales contract by the managing officers, which was the corporation's only source of income. Another was the adoption of a resolution by the board of directors annulling the right of a principal stockholder to

vote his stock, and another charge was that the management, the board of directors and president were in collusion with Brown in respect to his suit. Still another charge was that the majority directors arbitrarily adopted resolutions summarily removing the minority directors from the board, and also from the office of vice-president and secretary-treasurer of the corporation. It was also charged that the defendant directors, Sanford Bell, Eloise A. Campbell and L. J. Stark, voted in unison in all these matters.

The object of the suit was to take over the control of all corporate matters through a receiver, until the election in the following December. Hornbein represented The Rhea Chemical Company, Bell and Campbell, and appeared for them in all hearings up to the time of the appointment of the receiver. He prepared the answer on behalf of The Rhea Chemical Company and on behalf of the majority directors, and conducted their defense in the stockholders suit.

The order appointing the receiver recites: "That by reason of internal dissensions in The Rhea Chemical Company, and by reason of the unlawful conduct and acts of the individual defendants in this action as officers and directors of the corporation, the property and assets of the corporation and the interests of its stockholders are in immediate danger of loss and destruction, and that an emergency exists calling for the immediate action of the court to protect said property and assets and the interests of said stockholders."

Plaintiffs in error concede that Hornbein is entitled to compensation for the services rendered in the Brown and Hildebrand suits.

We are of the opinion that the order directing the receiver to pay Mr. Hornbein $1,500.00 attorney's fee cannot be sustained. The claim was for a lump sum. There is nothing in the record to enable the court to determine the value of the services in the Hildebrand and Brown suits, as distinguished from the value of the services ren-

dered in the stockholders suit. In the stockholders suit the court found the majority directors guilty of unlawful conduct and unfaithful to the trust reposed in them as the managing officers of the corporation.

It is contended by the defendants in error that Mr. Hornbein was primarily representing the corporation and only incidentally the majority directors and officers. We think the converse is true. The stockholders suit had for its object the protection of the corporate assets for the benefit of the corporation. The defendant corporation alone had a direct interest. The interests of the stockholders are dependent and indirect. *Miller v. Murray*, 17 Colo. 412, 30 Pac. 46. The stockholders are complaining of wrongful acts of the directors and officers and are asking relief for the benefit of the corporation, and the directors are defending their own acts on the theory that they are lawful and not wrongful corporate acts. The court found them to be wrongdoers and appointed a receiver. Certainly wrongdoers in a suit in equity cannot ask in good conscience to be saved harmless from attorney's fees incurred in defense of their wrongful, unlawful conduct. It seems clear that the directors of the corporation who are responsible for the conditions which made the stockholders suit necessary, should bear the expenses of the attorneys employed by them to defend their own misdeeds in office, instead of the corporation. *Godley v. Crandall, etc. Co.*, 139 N. Y. Supp. 236, 249, 153 App. Div. 697; *Percy v. Millaudon*, 8 Mart. (N. S.) La. 68.

We think the rule correctly stated in 10 Cyc. 801:

"Directors cannot rightfully pay out the money of the corporation as an attorney's fee for their own defense against the suit of certain shareholders, which they are apprehensive will be brought to test the validity of their acts."

For these reasons the judgment should be reversed.

MR. JUSTICE TELLER and MR. JUSTICE ALLEN concur.