EDGAR B. SIMS, *Auditor, v.* HOMESEEKERS FIRE INSURANCE COMPANY

(No. 8287)

Submitted January 22, 1936. Decided February 11, 1936.

*Hogsett & Smith,* for appellant.
*Austin V. Wood* and *Wm. J. Gompers,* for appellee.

MAXWELL, JUDGE:

At the instance of Edgar B. Sims, State Auditor and ex officio insurance commissioner of the State of West Virginia, plaintiff, the circuit court of Ohio County appointed a receiver for Homeseekers Fire Insurance Company, a corporation, defendant, on the 6th of April, 1935, and on the 10th of August, 1935, overruled the defendant's demurrer to both the bill of complaint and the amended bill. Appeal was awarded from the two decrees.

It appears from allegations of the bill that in December, 1934, the insurance commissioner caused an audit to be made of the affairs of the defendant and thereby ascertained that it was without liquid assets; that it was at that time unable to take care of proven losses sustained by policyholders; that it had approximately $111,000.00 on deposit in the Wheeling Savings & Loan Association, which institution was without funds and unable to pay any part of the said deposit; that the commissioner thereupon ordered the defendant to obtain and hold in its treasury not less than $25,000.00 in United States Government bonds, and that the defendant reinsure all future business one hundred per centum and take immediate steps to reinsure all insurance then in effect; that the said requirements of the commissioner were not complied with by the defendant. Further, that at the time of the filing of the amended bill, the defendant had insurance liability on property in the sum of approximately $7,000,-

000.00, and that by reason of the failure of the defendant to secure reinsurance the interests of all of its policyholders were in jeopardy and irreparable loss was threatened; that the defendant then had losses due and payable to the extent of approximately $5,800.00, and owed approximately $7,500.00 for reinsurance and $2,000.00 for current accounts, all of which liabilities the defendant was unable to discharge.

Sworn allegations such as these disclose a situation indicating pressing need for interposition of the authority and power of a court of equity.

The vital question is whether this suit could be brought elsewhere than in the county wherein is located the seat of government of the state.

Provision is made in the Code, 33-4-10, for a chancery suit by the insurance commissioner in the circuit court of the county in which the seat of government of the state is situated to restrain a fire insurance company from the further prosecution of business or making or renewing insurance until its deficiency of assets has been made up, where the commissioner has ascertained that such deficiency exists and has called upon the company to make up the same within a reasonable time. By a later enactment, Chapter 32, Acts First Extraordinary Session, 1933, Code Supp. 1933, 33-2-45, it is provided that whenever any insurance company under the supervision of the insurance commissioner shall become insolvent or shall be in such financial condition as not to be able to pay its creditors in this state, the commissioner may file a bill in the circuit court of Kanawha County (being the county of the seat of government of the state) for the purpose of taking possession of the property of such company and of administering its assets. In support of the demurrer, it is urged that a proceeding such as the one at bar can be maintained only under the provisions aforesaid.

The commissioner relies on Code, 33-1-2; Code, 33-1-5, as amended by chapter 31 of the Acts of the First Extraordinary Session of the Legislature of 1933; and Code, 33-1-6. Section 2 imposes upon the commissioner the

duty of seeing that all laws respecting insurance companies are faithfully executed. Section 5 authorizes the commissioner from time to time to examine the methods of business of any insurance company; require its officers to answer such questions as he may think necessary for the purpose of such inquiry, and if, in his opinion, after due notice and hearing, such company is doing business in an illegal, improper or unjust manner, or is failing to adjust and pay losses and obligations when they become due, he may order it to discontinue such illegal or improper methods and may order it to adjust and pay its losses and obligations as they become due. Section 6 authorizes the commissioner, upon failure of such company, within ten days to obey any such order of the commissioner to "apply to a court or judge having jurisdiction for an injunction or for the appointment of a receiver, or for both, and such court or judge may enforce such order of the commissioner by injunction, or by appointing a receiver to take charge of the property and affairs of such company, corporation, association, partnership or combination of persons, or both; and may make all such further orders as may be necessary or proper to carry into effect such an injunction or receivership." It is urged by the commissioner that by virtue of the general authority vested in him by section 2, and the special authority of sections 5 and 6, he was warranted in instituting this proceeding in the circuit court of Ohio County and was not required to resort to the circuit court of Kanawha County under the provisions of the sections hereinabove first discussed.

The provisions of the statute with reference to the winding up of the affairs of an insolvent insurance company by suit in the circuit court of Kanawha County, fix that particular jurisdiction primarily for the convenience of the insurance commissioner; it not being deemed expedient that such official should ordinarily be required to initiate litigation elsewhere in the state. But where, in a situation such as at bar, an insurance company of this state, with its principal place of business in a county other than Kanawha, refuses to carry out the require-

ments of the commissioner, some discretion must be deemed to exist in the commissioner as to the county wherein he will institute chancery proceedings. The desirability of having the litigation conducted in the county of the company's principal place of business may be controlling. But such consideration is secondary. The primary matter is the supervision authorized by sections 2 and 5, enforceable under section 6. In this case, the initial efforts of the commissioner were within the purview of sections 2 and 5. The defendant was a going concern, and he was undertaking to have certain conditions corrected so that it could continue in business in a proper manner. The company having failed to comply with his reasonable requirements, he was authorized by section 6 to proceed in equity, in any court having jurisdiction, to enforce his demands. The fact that the prayer of the original bill may have been too broad and comprehensive has no bearing on the jurisdiction. The demurrer was properly overruled.

The plaintiff cross-assigns error to the action of the trial court in overruling his objection to the filing of the demurrer and answer. The ground of the objection was that James H. Reass, who filed the demurrer and answer as a director of the insurance company, was not in fact such director; that he had resigned. Preliminary to overruling the objection to filing the demurrer and answer, the trial court took extended proof on the question of whether, prior to the time of filing said pleading, James H. Reass had resigned as director. The court made no specific finding on that point, but its action in overruling the objection was tantamount to holding that Reass was at that time still a director and that he was authorized by a majority of the board to defend the suit. On the evidence adduced, we could not hold that the court was plainly wrong in such finding.

For reasons set forth, we affirm both of the decrees involved on the appeal.

*Affirmed.*