EDGAR B. SIMS, *Auditor,* v. HOMESEEKERS FIRE INSURANCE COMPANY

(No. 8783)

Submitted September 13, 1938. Decided October 4, 1938.

460

*Hogsett & Smith,* for appellant.

*William J. Gompers* and *Austin V. Wood,* for appellee.

FOX, JUDGE:

In December, 1934, the insurance commissioner of this state caused an audit to be made of the affairs of the Homeseekers Fire Insurance Company, whose principal place of business was in Ohio County, and found a condition of affairs which, in his judgment, called for certain corrections. Joseph H. Reass was a director of and active in the management of the insurance company, as well as the Wheeling Savings & Loan Association and the Real Estate Finance Company, whose affairs were inextricably mixed with those of the insurance company, in that there were deposited with the loan association funds of the insurance company to the amount of approximately $116,000.00; and real estate loans were held by the finance company for the insurance company to a face amount of approximately $111,000.00, neither of which investments were liquid, and by reason whereof the insurance company did not, in the opinion of the insurance commissioner, have sufficient cash or liquid assets available to make certain the payment of its ex-

pected outstanding policy losses as they matured. In this situation certain demands were made by the insurance commissioner with respect to creating a liquid fund of $25,000.00 and the re-insurance of all new business and certain outstanding policies; promises to comply with these demands were made by the company and not kept. Upon this development, meetings of interested parties were held in which the situation was fully discussed. The insurance commissioner demanded the resignation of Joseph H. Reass from the positions held by him in the three companies mentioned above, and Reass indicated his intention to resign, and it is contended that he did resign about February, 1935. The final meeting of the directors of the insurance company, so far as the insurance commissioner was involved, occurred on the night of April 5, 1935, and while the record is not entirely clear on the point, it seems reasonably certain that all directors except Joseph H. Reass were present. At this meeting, an informal motion, not reduced to writing nor entered on the minutes, was unanimously adopted, requesting the insurance commissioner to take steps to secure the appointment of a special receiver for the insurance company. On the next day this suit was instituted in the circuit court of Ohio County and, upon the bill filed, a special receiver for the insurance company was applied for and named, who promptly qualified, took possession of its assets and made a report thereon June 22, 1935. On July 23, the insurance company, represented by E. L. Hogsett, attorney, the appellant herein, filed its demurrer and answer to the plaintiff's bill, the attorney acting under the alleged authority of his informal employment as counsel by some of the directors on July 17, 1935. On July 27th following, at a directors' meeting at which five directors, namely, Joseph H. Reass, Joseph L. Reass, C. J. Bertschy, Alec Bolton and W. J. Gompers, were present, and three directors, R. B. Naylor, T. F. Bayha and W. H. Klieves, absent, a resolution was adopted over the protest of Gompers, by which the secretary, who was Joseph L. Reass, a son of Joseph H.

Reass, was "empowered and directed to employ counsel and to take such action, in the interest of the Company, as by counsel advice in the suit now pending in the Circuit Court of the Ohio County, and the action of Director in signing all papers, is approved." The suit referred to is the suit at bar. Under this resolution the appellant was employed and rendered the services and incurred the expenses for which he claims compensation and reimbursement. These services consisted of preparing the demurrer and answer above mentioned and representing the insurance company at a hearing on same; resisting a motion of the plaintiff to strike such papers from the record on grounds of lack of authority to file the same; and in prosecuting an appeal to this court from an order of the trial court overruling the demurrer, based upon the contention that the circuit court of Ohio County did not have jurisdiction of the suit in which the special receiver was appointed, and that the circuit court of Kanawha County alone had jurisdiction. The contention of lack of authority to file the demurrer and answer of the insurance company seems to have been impliedly overruled, inasmuch as the court passed on the demurrer and overruled the same. This court sustained the ruling of the circuit court, both as to its action in permitting the demurrer and answer to be filed and in overruling the demurrer. 117 W. Va. 84, 183 S. E. 869.

In January, 1938, appellant filed in the circuit court his petition seeking an allowance for attorney's fees and expenses out of the fund in the hands of the special receiver. The prayer of the petition was, upon full hearing, denied, from which action of the trial court this appeal is prosecuted.

The question presented is simplified by the admissions that the services for which compensation is sought were rendered by the appellant in good faith, and that the demand both as to the fee and expenses is reasonable in amount. The defense made to the claim was that the directors did not act in good faith in employing the appellant to resist the receivership, and that by reason

thereof the claims of the appellant are obligations of the directors who employed him and not a charge against the fund in the hands of the special receiver.

We find no serious conflict in the authorities on the subject. The law is well stated in *Watson* v. *Johnson,* 174 Wash. 12, 24 Pac. (2d) 592, 89 A. L. R. 1527, and the annotation following the report of that case, wherein it is stated:

> "It is a general rule that where an application has been made for the appointment of a receiver for a corporation, attorney's fees and expenses in resisting such application, if made in good faith and upon reasonable grounds, may become a valid claim against the receiver. Whether such attorney's fees and expenses are to be allowed rests in the sound discretion of the court, in view of all the facts and circumstances."

Support for this statement of the law is found in *Barnes* v. *Newcomb,* 89 N. Y. 108; *Wolbrette* v. *New Orleans Drug Co.,* 149 La. 434, 89 So. 406; *Esarey* v. *Pierson,* 84 Ind. App. 109, 141 N. E. 87.

But the matter is one in which wide discretion is vested in the trial court. Furthermore, such resistance to a receivership must be made in a good faith effort to protect the interest of the company and its creditors, and not merely to protect the interests of individuals in a controversy respecting management. 1 Clark on Receivers, p. 899, Section 642 (b) ; *Witherspoon* v. *Hornbein,* 70 Colo. 1, 196 Pac. 865; *Esarey* v. *Pierson, supra; People* v. *Commercial Alliance Life Ins. Company,* 148 N. Y. 563, 42 N. E. 1044; *Goodyear Tire and Rubber Company* v. *United Motor Car Supply Company,* 89 N. J. Eq. 108, 102 Atl. 471. It will be noted that the cases cited refer to situations where the appointment of a receiver is resisted in the first instance; but we see no reason why the pertinent rule should not apply where a good faith effort, on reasonable grounds, is made to discharge a receiver already appointed. Receivers are many

times appointed in what are, in effect, *ex parte* proceedings, and if an error has been made prejudicial to the interest of a corporation, its creditors or stockholders, their rights should be protected both with respect to the appointment and continuance of a receiver.

Applying these authorities to the case at bar, we see no reason to disturb the decree appealed from. We cannot say that the trial judge abused the discretion vested in him. He had the entire case before him, and was entitled to take into consideration the condition of the insurance company at the time of the appointment of the special receiver, as that condition was disclosed by subsequent developments in the case. There is a finding of insolvency which, considering the nature of the company and the business in which it is engaged, was in itself sufficient to warrant the appointment of a special receiver, and that condition was known, or should have been known, to the directors who employed the appellant, a majority of whom were present at the meeting of April 5, 1935, at which the insurance commissioner was informally requested by them to apply for a receivership. Other evidence tends strongly to show that the purpose of the litigation, on the part of the directors who employed the appellant, was not in the interest of the insurance company or its creditors, and under these circumstances, their action in the premises cannot be said to have been prompted by good faith. Whether or not there was good faith on their part is the test, rather than the admitted good faith of the attorney.

It may be argued that while the insurance company lost its contention as to the jurisdictional question involved, both in the circuit court of Ohio County and in this court, the fact that this court granted an appeal from the circuit court's action thereon indicates that there were reasonable grounds for the employment of counsel to test the question. This contention has much merit, but it does not reach the fundamental question involved. The condition of the insurance company was such that the directors who employed the appellant could

not reasonably have expected that any permanent improvement in the condition of their company would result from their action in interfering with its liquidation, even if they should prevail on the jurisdictional question raised; the Ohio County circuit court had assumed jurisdiction, afterwards upheld by this court, and no prejudice to the insurance company is perceived from its action; presumably the same action would have resulted from a suit in the circuit court of Kanawha County. Under these circumstances, it was not an exercise of good faith on their part to involve the company in useless and expensive litigation.

The ruling of the circuit court is affirmed.

*Affirmed.*