SHORES, Justice.
This is an appeal from the judgment of the trial court appointing a receiver to liquidate the assets of a limited partnership and granting a money judgment against one of the partners. We affirm the trial court’s judgment.
Joseph Cox, Sr., and Marion Bradford formed a limited partnership in 1975, known as Second Montclair Company, for the purpose of developing and leasing an office building in Birmingham. Cox and Bradford, as the general partners of Second Montclair Company, each owned one-third equity interests in the limited partnership. The eleven limited partners of Second Montclair Company, each of whom was made a party plaintiff to this action by order of the trial court, owned equal shares of the remaining one-third equity interest.
F & S, a general partnership composed of Henry S. Fowlkes and Nellie Ella Frances Smith, acquired Marion Bradford’s one-third interest in Second Montclair Company on September 1, 1983, and since that date the general partners of Second Montclair Company have been Cox and F & S.
Cox is also president of Cox Realty and Development Co., Inc., an Alabama corporation which has its offices in Montclair II, an office building owned by Second Mont-clair Company. Cox Realty manages Mont-clair II pursuant to a written management agreement dated March 1, 1983. Since September 1, 1983, many disputes have arisen between F & S, the limited partners, and Cox concerning the manner in which Cox and Cox Realty were managing Mont-clair II. F & S brought this action, seeking the dissolution and liquidation of the partnership, cancellation of the management *517 agreement, and compensatory and punitive damages.
The trial court heard ore tenus testimony and made several findings of fact:
“A. At Cox’s direction and without notifying the Limited Partners, Second Montclair has for many years rented adjoining, unimproved property from CB Company, a partnership composed of Cox and Marion Bradford for $450 per month. The lease of the adjoining property was purportedly entered into because of the parking requirements of a given tenant. Yet, the tenant’s lease, addendums and extensions thereto require no such additional parking.
“B. At Cox’s direction and without notifying the Limited Partners Second Montclair has for several years paid monthly promissory note installments due for purchase of a pickup truck owned by Cox Realty. Over the years, the truck had been utilized by Cox Realty and by Montclair I, another nearby office building in which Cox owns an interest, but those companies have not shared in the note expenses.
“C. At Cox’s direction and without notifying the Limited Partners, the salary of Cox Realty’s bookkeeper has been charged back to Second Montclair as an expense, even though such practice is contrary to customary and accepted practices in the Birmingham area, it being the standard practice among realtors in Jefferson County that bookkeeping costs are borne by property managers as an item of expense incident to their management fee.
“D. At Cox’s direction, Second Mont-clair has paid attorney’s fees to Cox’s individual attorneys, and no benefit has inured to Second Montclair as the result of the services of those attorneys.
“E. Cox Realty has failed to prepare and submit to Second Montclair semiannual budgets of expenses as required under the Management Agreement between Cox Realty and Second Montclair.
“F. Cox Realty has not escalated tenants’ rents from year to year in keeping with formulas contained in the various tenant leases.
“G. On occasion sums charged to Second Montclair’s tenant improvements account have not been allocated by Cox Realty to specific tenants.
“H. Cox has failed generally to communicate with all remaining partners in regard to partnership affairs.
“I. From March through October 1983, when Cox Realty was entitled under its Management Agreement to a 5% management fee, it actually collected from Second Montclair management fees at a rate of 6%, which have not been reimbursed to Second Montclair.
“J. During the Fall of 1984, to the detriment of the partnership, and without the knowledge of the remaining partners, Cox negotiated a new lease between Second Montclair and his own company, Cox Realty, providing for a rental rate substantially less than the going rate.
“K. In addition to charging bookkeeping costs and vehicle note installments back to the partnership, Cox Realty charges the cost of postage and office supplies back to Second Montclair, which is contrary to ordinary and accepted practices of realtors in the Birmingham area. From all that appeared at trial, there are no incidental costs incurred by Cox Realty in managing Montclair II. All out-of-pocket expenses associated with managing Montclair II are charged back to Second Montclair.”
After making these findings of fact, the trial court ordered the dissolution of the partnership and the cancellation of the management agreement. It also ordered Cox to pay $56,406.47 as compensatory damages for the mismanagement of Second Montclair Company and Montclair II and appointed a receiver to liquidate and distribute the partnership assets.
Section 10-9A-141, Code 1975, provides for the judicial dissolution of a limited partnership:
“On application by or for a partner, the circuit court for the county in which the certificate of limited partnership is filed may decree dissolution of a limited part *518 nership whenever a general partner willfully or persistently commits a material breach of the partnership agreement or of this chapter, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business with such partner in conformity with the partnership agreement.”
The language and requirements of this section are not materially different from the statute dealing with partnerships generally. See § 10-8-92, Code 1975. Alabama law provides that “a general partner of a limited partnership has the rights and powers and is subject to the restrictions and liabilities of a partner in a partnership without limited partners.” Section 10-9A-62, Code 1975. Each partner must account to the partnership for any benefit and hold as trustee for the partnership any profits derived by him without the consent of the other partners from any transaction connected with the conduct of the partnership or from any use by him of the partnership property. Section 10-8-48, Code 1975. Cox, as a general partner of Second Mont-clair Company, has a fiduciary responsibility to the other general partner and to the limited partners and is accountable to them for his actions. The trial court identified several examples of the failure of Cox to meet this responsibility. Among them are the leasing of land owned by CB Company without the consent of the limited partners and the payment of the bookkeeping expenses of Cox Realty out of the partnership funds.
“While a partner is not precluded from dealing with his own firm, 68 C.J.S. Partnership § 100 at 539, he cannot use the firm property for his individual use or benefit, nor derive a secret personal profit out of the business of the firm. Id. § 99.”
Belcher v. Birmingham Trust National Bank, 348 F.Supp. 61, 115 (Ala.1968); see also, Burgess Mining & Construction Corp. v. Lees, 440 So.2d 321 (Ala.1983). Also, Cox paid his attorney’s fees in the present action from partnership assets.
“The treasuries of ... partnerships are not at the disposal of the partners to hear the cost of the defense of charges against them personally. Some benefit must inure to the interest of ... the partnerships by the defense of the charges if they are to bear the attorney’s fees or some part of them.”
Belcher, supra, at 154. The partner who is responsible for the conditions which made the suit for dissolution necessary should bear the legal expenses incurred to defend his misdeeds. See Witherspoon v. Hornbein, 70 Colo. 1, 196 P. 865 (1921), as cited in Belcher, supra.
In a non-jury case, a judgment based on findings of fact made on ore tenus evidence will be reversed only if “plainly and palpably wrong.” Kwick Set Components, Inc. v. Davidson Industries, Inc., 411 So.2d 134 (Ala.1982); Farm Country Homes, Inc. v. Rigsby, 404 So.2d 573 (Ala.1981). After a review of the record, we agree with the trial court that the plaintiffs have shown a statutory basis for dissolution.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and HOUSTON, JJ., concur.