# Paulk v. The State.

*Proceeding under the Statute for Bastardy.*

52   427
133   196
e133   197

1. *Imprisonment for debt; what is not within meaning of the Constitution.* — The sections of the Revised Code which require the imprisonment of the putative father in bastardy proceedings, if he fail to give bond for the support of the child, are not violative of the constitutional inhibition against imprisonment for debt.

2. *Paternity of child; what evidence relevant on issue as to.* — The issue being as to the paternity of the bastard child, the defendant may prove that the child bears no likeness to him, or that it resembles another man who had opportunities of illicit intercourse with the mother; but proof that the child resembled the children of another man, without showing in what particular, or that such children resembled their father rather than their mother, is too vague and indefinite and is properly excluded.

APPEAL from Circuit Court of Randolph.

Tried before Hon. JOHN HENDERSON.

This was a proceeding against appellant under the statutes for bastardy. On the issue before the circuit court as to the paternity of the child, the mother testified that appellant was its father. The defendant then introduced a witness who testi-

fied that he " had seen one Clark Messmer with the prosecu-
trix on two occasions since the commencement of the prosecu-
tion, and that both times they were going in the direction of
the court-house;" that he had seen the bastard child and
" *that it favored Clark Messmer's children.*" To the italicized
portion of this testimony the State objected, and the court
thereupon excluded it from the jury.

The jury having found the issue against defendant, and he
being unable to give bond, the court sentenced him to jail as
the statute requires. The defendant, denying the power of the
court under the Constitution to make such order, objected and
excepted to the sentence.

WILLIAM H. SMITH, for appellant. — I. Under the Consti-
tution there can be no imprisonment for debt. None of our
laws make bastardy a crime. The proceedings authorized by
the statute are not criminal. The governor cannot pardon the
defendant. If the parties marry, or the child dies, the proceed-
ing abates. It is a mere proceeding, then, to enforce the per-
formance of a *civil duty* in behalf of a *particular individual*,
in other words, a debt. No statute makes it a criminal offence
to refuse to give the bond. The case against defendant is not
required to be made out beyond a " reasonable doubt." Every-
thing shows that it is a mere civil proceeding.

II. Proof to show the probability of another guilty agent is
always admissible. The evidence, however weak, cannot be
excluded if it has a tendency to prove the issue. Brickell's
Digest, 809, § 82. That the proof offered was admissible on
an issue of paternity, see LORD MANSFIELD in Douglas's case,
Wills on Circumstantial Evidence.

JOHN W. A. SANFORD, Attorney General, *contra.*

BRICKELL, C. J. — A proceeding under the statutes to
compel a putative father to the support and education of a
bastard child, during the helplessness of mere infancy, has
some of the characteristics of a civil action and of a criminal
prosecution. It is commenced by a complaint on oath, on
which a warrant of arrest issues in the name of the State. A
preliminary examination is had before a justice of the peace of
the county in which the woman is pregnant or delivered of the
child, and if sufficient evidence appears, the accused is recog-
nized to appear at the next term of the circuit court. If he fails
to enter into the recognizance with sufficient sureties, he is
held in custody. Entering into the recognizance and failing to
appear in obedience to it, a forfeiture is incurred, and a writ of
arrest issues against him, as in criminal cases on indictment.

On his appearance in the circuit court, an issue is made up to which he and the State are the parties, to ascertain whether he is the real father of the child. If this issue is found against him, judgment is rendered against him for the costs, and he is required to give bond and security payable to the State, conditioned for the payment annually, for the period of ten years, of such sums not exceeding fifty dollars a year, as the court may prescribe, for the support and education of the child. Failing to give the bond, the court renders a judgment against him of necessity, in the name of the State, for such sum as at legal interest will produce the sum he is required to pay yearly, and " he must also be sentenced to imprisonment for one year, unless in the mean time he execute the bond required, or pay the judgment and costs." R. C. §§ 4396–4406. The proceeding is certainly penal in its character, if not strictly criminal. On the trial in the circuit court the accuser and accused are alike competent witnesses. It can be commenced only on the complaint of the mother. No indictment or presentment by a grand jury is necessary to support it. ·It abates on the death of the child, and the marriage of the mother and putative father· vacates the proceeding, though it has progressed to final judgment. It is a penal proceeding, intended to relieve the State from the duty of maintaining the illegitimate child, rather than to inflict punishment for the violation of law. It is founded on the hypothesis, that it is a duty due to society from the putative father to maintain and educate his illegitimate child, and the purpose is to compel performance of this duty. *Judge of County Court* v. *Kerr*, 17 Ala. 328; *Satter-* ·*white* v. *State*, 28 Ala. 65.

The constitutional inhibition of imprisonment for debt is not infringed by the imprisonment of the putative father if he fails to execute the bond required of him on conviction. He is imprisoned not for the failure to pay a debt, but for his failure to perform a duty — a duty enforced in the name of the State, for the protection of the State.

On an issue formed in a bastardy proceeding, it is doubtless competent for the defendant to prove that the child bears no likeness or resemblance to him, or that it resembles some other person, who had opportunities of illicit intercourse with the mother. This was not the kind of evidence offered by the appellant. The proposition was to permit a witness to state the bastard child favored the children of another man. It was not proposed to show these children favored their father. A child often resembles only his mother, and has none of the distinguishing features or physical peculiarities of the father. Nor was it offered to show what were the particulars in which the bastard resembled or favored the children of the person named.

[Daniel v. Hill.]

It was the mere opinion of the witness that the children did bear a resemblance. There is nothing about which the opinions of individuals, differ so widely as personal likeness or resemblance. One discovers it, where another, instead of finding traces of it, finds distinctive marks of opposition. The evidence was too vague and uncertain — too inconclusive in its nature, to have gone to the jury. It could not have exerted any legitimate influence on the verdict they were required to render. In the case of *Commonwealth* v. *Webster* (5 Cushing, 302), it was material for the defendant to show that the person he was charged to have slain was in life after a particular hour of a certain day. Witnesses were introduced who testified they saw him in various places in Boston after that hour. To rebut this evidence, it was proposed to show there was a person about the streets of Boston, at that time, who bore a strong resemblance to the deceased in form, gait, and manner, and had, by persons acquainted with the deceased, been approached and spoken to, for the deceased. The evidence was rejected as too remote and unsatisfactory. This evidence seems to us more remote and unsatisfactory, and was properly rejected.

The judgment is affirmed.