(125 So. 659)

## FLOWERS v. GRAVES et al.　(4 Div. 461.)

Supreme Court of Alabama.　Dec. 19, 1929.

Rehearing Denied Jan. 23, 1930.

E. C. Orme, of Troy, for appellant.

A. G. Seay, of Troy, for appellees.

SAYRE, J. Appellant contested the probate of the will of R. C. Flowers, deceased. The contest proceeded, on the ground that at the time of the execution of the alleged last will and testament the said testator was not of sound and disposing mind and memory.

On the cross-examination of W. B. Sanders, a medical expert, appellant asked the witness whether he had had a conversation with deceased in which he (deceased) stated that his wife "was having relations with other parties," whatever that may have intended. The bill of exceptions recites that the court sustained the objection of the "plaintiff"—by which we understand is meant the proponents —whereupon the "defendant"—by which we understand is meant contestant—reserved an exception. To put the court in error contest-' ant should have stated to the court the substance of the answer he expected the witness to make—this in order to show that the expected answer would have tended to show that deceased was of unsound mind. This contestant failed to do. Thus it does not appear that there was reversible error. Brent v. Baldwin, 160 Ala. 635, 49 So. 343; Bynum v. Southern Pump Co., 63 Ala. 462.

Our attention is directed to the first section of the act approved September 9th, 1927, which reads: "That in the examination of witnesses and the introduction of evidence in the trial of causes in the courts of Alabama, it shall not be necessary to state or disclose to the court the substance of the anticipated answer of the witness or of the evidence sought to be introduced by the question in order to put the court in error in his ruling on objection to the question, unless the court requests that counsel disclose to the court the evidence sought by the question." Acts 1927, p. 636.

It is commonly ruled by the courts that questions of error in the trial of causes are of judicial, not legislative, cognizance. But, conceding for the argument the competency of the act here in question, we note the fact that it undertakes to define error in the admission of evidence, but does not require the court to reverse judgments for error without injury or to presume facts in order to reach a conclusion of injury. We hold, therefore, that the authority of the cases cited last above still governs this court in the determination of questions raised in this fashion.

Other assignments of error assert in effect that the trial court should have set aside the verdict sustaining the will on the ground that it was contrary to the preponderance of the evidence. We are not required to discuss the evidence. It is enough to say that the entire record has been read and carefully considered, and that the judgment here is that the great weight of the evidence went to show that testator, though old and sick at the time the will in dispute was drawn under his direction, had mind and memory sufficient to understand the business he was engaged in, to remember the property he was about to dispose of, the objects of his bounty, and the manner of its disposition, and so had testamentary capacity. Councill v. Mayhew, 172 Ala. 295, 55 So. 314, and the cases cited at the bottom of page 307, of 172 Ala., 55 So. 318. And this is true though testator at that time may not have had the physical or mental vigor of his former years. Old age is not synonymous with imbecility. Leeper v. Taylor, 47 Ala. 223. And this may be, and in present case was, true, notwithstanding the fact that on former occasions, under the stress of disease, he may have been incompetent. That condition, if it existed, was temporary. Murphee v. Senn, 107 Ala. 424, 18 So. 264.

The judgment admitting the will to probate is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.