184 So. 264

### Ex parte THOMAS.

### LACKEY v. THOMAS.

### 8 Div. 941.

Supreme Court of Alabama.

Oct. 27, 1938.

Rehearing Denied Nov. 3, 1938.

H. G. Bailey, of Boaz, for petitioner.

discharge of defendant's note, now in suit, testimony as to the value of the property at the time of the execution of the note might shed light on the conflicting issue of fact, but testimony at the later date, after default by Watford and Moorer, shed no light on the question at issue. George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578; Smith v. State, 13 Ala.App. 411, 69 So. 406.

The writ of certiorari was properly denied.

Rehearing overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

184 So. 167

### SUDDUTH v. WHITNEY et al.

### 6 Div. 258.

Supreme Court of Alabama.

Oct. 13, 1938.

Rehearing Denied Nov. 10, 1938.

Street & Orr, of Guntersville, for respondent.

BROWN, Justice.

The opinion of the Court of Appeals states that:

"The value of the machinery at the time it was in the possession of Watford and Moorer was immaterial, and therefore the trial court committed error."

This statement relates to testimony going to show the value at the time the machinery was repossessed by the plaintiff Lackey under the mortgage note given by Watford and Moorer payable to the plaintiff, *evidencing their indebtedness to him.*

In view of the conflict in the evidence, as to whether the mortgage note was taken and accepted by Lackey in payment and