4 So.2d 416

### STRICKLING v. WHITESIDE.
### 7 Div. 663.

Supreme Court of Alabama.

Oct. 9, 1941.

Rehearing Denied Nov. 13, 1941.

Chas. F. Douglass, of Anniston, for appellant.

Merrill & Merrill, of Anniston, for appellee.

**FOSTER, Justice.**

This is a civil action for seduction by an unmarried woman under the age of twenty-one years, as authorized by the Code of 1940, Title 7, section 116.

There was a verdict and judgment for defendant, and plaintiff prosecutes this appeal. We will only treat those assignments of error which are discussed in brief.

### The second Assignment.

While plaintiff was being examined as a witness, she testified that a child was born to her, and that defendant was its father. Thereupon her counsel asked her this question: "Have you observed the resemblance, any resemblance between that child and Horace Whiteside" (the defendant)? The child was in court, and so was defendant, and both were in the sight of the jury. The admissibility of the child as evidence is not here raised. The principle has been fully treated in our cases. See Shadix v. Brown, 216 Ala. 516, 517, 113 So. 581; Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St.Rep. 25; Paulk v. State, 52 Ala. 427; Phillips v. Ashworth, 220 Ala. 237, 124 So. 519.

The question propounded to the witness was not that she point out certain features of the child, which was about two years old, and which it was claimed resembled certain features of defendant, and in connection with the question plaintiff's counsel did not state that he proposed to make such proof by the witness. The authorities are in conflict as to the admissibility of that sort of proof even where the child is old enough to possess distinctive features of resemblance and profert of her is made before the jury and the features of resemblance are pointed out. Wigmore supports the admissibility of the evidence. 1 Wigmore on Evidence, page 222, section 166.

It is discussed in Flores v. State, 72 Fla. 302, 73 So. 234, L.R.A.1917B, 1143; State v. Anderson, 63 Utah 171, 224 P. 442, 40 A. L.R. 94, note in 40 A.L.R. page 105; Lohsen v. Lawson, 106 Vt. 481, 174 A. 861, 95 A.L.R. 314.

 The mere opinion of a witness with no effort to point out specific features of an alleged resemblance to defendant has been condemned in this State. Paulk v. State, 52 Ala. 427.

It is necessary in order to review a trial court's ruling sustaining objection to a question which does not on its face show what is the expected answer, that attention be called to the proposed answer and show that such answer would be relevant evidence, notwithstanding section 445, Title 7, Code of 1940. Flowers v. Graves, 220 Ala. 445, 125 So. 659; Morgan Hill Paving Co. v. Pratt City Savings Bank, 220 Ala. 683, 127 So. 500; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Alaga Coach Line v. Mc-Carroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Southern Railway Co. v. Montgomery, 229 Ala. 456, 157 So. 854.

In this assignment therefore there is no error to reverse.

### Thirtieth Assignment.

One Hathorn testified for defendant and also testified on a former trial. On this trial he refused to testify that he had sexual relations with plaintiff, but was led by defendant into testifying that he gave such testimony on the former trial. Plaintiff was later recalled, and was asked by her counsel whether Hathorn was looking up or down when he gave testimony on the former trial. The court sustained objection to the question. It did not indicate what answer was expected, nor was it otherwise declared by counsel to the court. We will not consider other questions in connection with the ruling. There was no reversible error.

### Thirty-first Assignment.

Ray Owen testified for defendant, but declined to answer question on the ground it might incriminate him. When plaintiff was again being examined she was asked by her counsel to describe the manner in which he testified (in the pending trial, we assume), the condition and way he looked. The court sustained objection to this question. For like reason and others which are obvious there was no reversible error in the ruling.

### Thirty-fourth and thirty-fifth Assignments.

These relate to refused charges which refer to the amount of damages, and which exclude certain features as proper items of recovery. Since the verdict was in favor of defendant, we need not consider their legal status as here applicable.

There are some other assignments of error argued, if an argument may be so called by the brief reference to them, but they do not present questions of law or of fact which call for a discussion by us. There is no error in them of which appellant can complain, and which is reversible in effect.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.