88 So.2d 783

Erma Evangeline SOCIER

v.

J. C. WOODARD.

6 Div. 23.

Supreme Court of Alabama.

June 21, 1956.

Ben F. Ray, Birmingham, and John H. Chapman, Cullman, for appellant.

Finis E. St. John, Cullman, for appellee.

**516**

PER CURIAM.

This is an appeal by defendant from a judgment against her in favor of plaintiff for personal injuries sustained by him in a collision between trucks driven by each separately. The trucks were traveling north on Highway 31 which has four lanes, two for traffic in both directions. The four lanes are divided by a concrete "island" about four feet wide with sloping sides and is six inches higher than the road. At a point about seven miles north of Cullman where the terrain is very rough, in a moun-tainous region, the road extends along a high fill in a deep valley and up beyond the valley is an extended incline. The distance from one crest to the other is about two and one-half miles.

As plaintiff's truck passed over the crest going north, he saw defendant's truck going in the same direction. Both were in the right of the two lanes for northbound traffic. The time was about 1:30 p. m. Plaintiff's truck was a one ton Ford carrying newspapers out from Birmingham. Defendant was driving a three quarter ton Chevrolet truck pulling a house trailer. Her husband was in the truck with her. Just before the point of contact defendant was traveling about thirty to thirty-five miles per hour and plaintiff was traveling about forty to forty-five miles per hour. Plaintiff testified that about fifty yards behind defendant's truck he gave a loud signal with his horn indicating a desire to pass and turned into the left lane in order to do so. Plaintiff further testified that without warning defendant turned her truck toward and into the lane in which plaintiff was traveling, and that the rear bumper of her truck (not the trailer) hit his truck in the side and the trucks hitched and both crossed the "island" into the lane for southbound traffic and he lost control of his truck which went down the embank-ment throwing him out and causing him serious bodily harm. His testimony was corroborated by that of highway patrolman Richey who testified as to the track and skid marks on the road.

Defendant testified that she did not hear defendant's horn blow; did not move out of her lane; did not cause her truck to strike plaintiff's truck, and did not cross the center "island"; but that plaintiff's truck bumped the back end of her trailer causing it to swerve into the other lane, then back to the right and off the pavement and onto the shoulder and then to turn on its side prac-tically ruining the trailer. There was evidence by another traveler, one Garnett who was behind the trucks, saw the accident and corroborated defendant.

We shall consider the assignments of error in the order in which they are argued by appellant.

### Assignment No. 7.

■ This assignment of error relates to the refusal of charge No. 3. As to it all that needs be said is that the principle is covered by given charge No. 6.

### Assignment No. 8.

■ This assignment relates to refused charge No. 4. This is a "mere accident" charge. Under our decisions neither the giving nor refusal of such a charge is reversible. But the better practice is to refuse it. Conner v. Foregger, 242 Ala. 275, 7 So.2d 856; Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 31 So.2d 75.

### Assignment No. 9.

■ This assignment relates to refused charge No. 5. We note that if this charge does more than to state that the burden of proof is on plaintiff to prove by the evidence that defendant was negligent which negligence proximately caused the collision and plaintiff's injury, it is erroneous. If it does no more than that it is covered by charges 1 and 2 given at the request of defendant.

### Assignment No. 6.

■ This assignment relates to the refusal of the general affirmative charge for the defendant. The testimony of the plaintiff, and the markings on the road as shown by the evidence, as well as the location of each truck after the collision and inferences to be drawn, all are clearly sufficient to justify a finding of negligence on the part of defendant in passing out of the lane in which she was traveling and into the other lane for traffic in the same direction without ascertaining whether to do so would endanger a traveler in such other lane going in the same direction. Section 58(9) (a), Title 36, pocket part Code. See, also, section 17, Title 36, Code. It was also a jury question whether the plaintiff in undertaking to pass and go on beyond defendant's truck exercised due care to sound his horn indicating his purpose and was traveling at a safe distance on the left. Section 12, Title 36, Code. There was conflicting evidence as to both those queries. Their solution was essentially a jury question.

■ The argument of appellant relies upon Government Street Lumber Co. v. Ollinger, 18 Ala.App. 518, 94 So. 177. The Court of Appeals there stated the law to be that the driver in front owes no duty to the driver of a car trailing except to use the road in the usual way until he has been made aware by signal or otherwise of the desire of the driver of the trailing car to pass. It was pointed out in Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556, that since the Ollinger case the law had been changed in that respect by an amendment in 1927, General Acts 1927, page 373, § 63, which is now section 17, Title 36, Code; see, also, section 58(9) (a), Title 36, Code. Those provisions were in effect when this incident occurred. They make it the duty of the driver in a lane before turning into another lane to exercise due care to see that it is safe to do so. There is a reciprocal duty at that point. Section 12, Title 36, provides that "the driver of an overtaking motor vehicle not within a business district as herein defined shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction". That section (12) was enacted before section 58(9), Code, with reference to traveling in lanes. We think the inherent nature of such lane travel, not in a business area, does not make that warning out of place. See, also, section 58(6), Code. The statute, section 12, Title 36, applies as a safeguard to warn the driver in front not to pass into a different lane at that time. We do not think it within our province to hold that section 12, *supra*, is not applicable to lane traffic. It serves a useful purpose. It is true that

without such signal the forward driver is charged with the duty to ascertain that it would be safe for him to pass into another lane. Section 58(9) (a), supra. But section 12 could very well mean to impose on a driver in the other lane a duty in passing, not in a business area, so that the failure to perform it may .be negligence.

■ Appellant also insists that to find that defendant was negligent in turning to the left and into another lane, in which plaintiff was approaching, is to base an inference of negligence upon an inference of fact that she did turn to the left out of her lane and into that in which plaintiff was then approaching in violation of the rule against basing an inference on an inference. The answer to that is manifest. There was direct testimony given by plaintiff that defendant did that, and a further showing that it was not safe to do so because of his presence. Therefore, there is not an inference of negligence, but a presumption of negligence from violating a statute which is proven by direct evidence supported by the circumstances.

■ Moreover, the principle does not apply here for it is said that "the fact there was no eyewitness does not present an insuperable obstacle, if proven circumstances suffice, for it is well established that both the cause of an injury and the question of actionable negligence may be established by circumstantial evidence, with the qualification, recognized by the authorities, that the circumstances must be proven and not themselves presumed." Harbin v. Moore, 234 Ala. 266, 175 So. 264, 266; Smith v. Tripp, 246 Ala. 421, 20 So.2d 870; Griffin Lumber Co. v. Harper, 247 Ala. 616(4), 25 So.2d 505; Shirley v. Shirley, 261 Ala. 100(14), 73 So.2d 77.

We think both the questions relative to defendant's negligence and to plaintiff's contributory negligence were properly left to the jury. The evidence was conflicting as to both issues. The affirmative charge was properly refused.

## Assignments 3, 4 and 5.

■ These assignments of error are argued together and relate to given charges 4, 5 and 7. This Court has consistently held that where several assignments of error are grouped and argued together in brief and one is found to be without merit the Court will not consider the others. First National Bank of Birmingham v. Lowery, 263 Ala. 36(3), 81 So.2d 284. It is there also said that this principle cannot be evaded by including in brief a request that this Court consider each assignment separately and severally. But where several assignments are governed by the same legal principles and argument, it is not objectionable to argue them in bulk in the brief. Hartford Fire Ins. Co. v. Clark, 258 Ala. 141(9), 61 So.2d 19; White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812; City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337.

The particular duty here sought to be applied by given charge 4 (assignment of error 3) is prescribed by section 14, Title 36, Code. That charge directs a verdict for plaintiff upon the jury being reasonably satisfied that defendant "was about to be overtaken and passed by plaintiff's vehicle approaching from the rear, that plaintiff had given a suitable and audible signal of his approach, when one hundred feet or more to the rear of defendant's vehicle, that defendant's vehicle did not give way to the right, and you are reasonably satisfied from the evidence that it was negligence under the circumstances for her to do so, and that this negligence was a proximate cause of plaintiff's injuries," and in substance that plaintiff was free from contributory negligence.

■ Section 14, Title 36, provides for the front driver to give way to the right in favor of an overtaking driver wishing to pass, manifested by a suitable and audible signal. This provision, we think, does not apply to traffic where there are two lanes for travel in the same direction. Section 58(9) (a), supra, has application

for such travel, and section 14 would have no field of operation.

We shall show that assignments 4 and 5 relate to charges which have application to two lane traffic in the same direction and are controlled by section 58(9) (a). So that, if there was no error shown by assignments 4 and 5 it will not be necessary for us to examine assignment No. 3 for error.

 Charge 5, assignment of error No. 4, directs a verdict for plaintiff predicated upon the hypothesis that the jury are reasonably satisfied from the evidence that defendant in effect violated sections 17 and 58(9) (a), supra, by turning her truck from a direct lane upon the highway without seeing that such movement could be made in safety, and that such failure was negligent and was a proximate cause of plaintiff's injuries and, further, that plaintiff did not commit contributory negligence which proximately caused his injuries.

■ Charge 7 in assignment of error No. 5 is in legal effect the same as charge 5. Since the evidence shows that there are two lanes for traffic in each direction, we should apply the law applicable to lanes. Charges 5 and 7 seem to give a proper interpretation to the duty prescribed in section 58(9) (a), for lane traffic, and were given without error in respect to defendant's duty owing plaintiff. A verdict for plaintiff is also hypothesized in them upon the jury being reasonably satisfied that plaintiff was free from contributory negligence proximately causing his injuries. Charges 5 and 7 could have been refused without error in that they hypothesized a finding that plaintiff was free from contributory negligence without defining the term as applied to that situation. What duty could have been breached causing contributory negligence? The charges do not explain that. It may be such duty as is prescribed by section 12, supra; but it was not error to give the charges in that form.

There is no other reason urged for granting the motion for a new trial than those which we have considered. It results the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.