214 So.2d 427

**Jack CHERRY, Jr.**

v.

**Mildred W. HILL.**

8 Div. 258.

Supreme Court of Alabama.

Sept. 19, 1968.

Keller & Hill, Florence, for appellant.

Bradshaw & Barnett, A. Stewart O'Bannon, Jr., and Ralph M. Young, Florence, for appellee.

## PER CURIAM.

Appellant's son, 8 years of age, was killed on a public highway by the impact of an automobile driven by appellee while she was enroute to her place of employment, after quitting time, to retrieve her purse that she had inadvertently left behind. Judgment, on a plea of the general issue, was for the defendant in the circuit court of Lauderdale County where plaintiff brought suit to recover damages under the "Homicide Act" of Alabama. Title 7, §§ 119, 123, Code of Alabama 1940, as Recompiled in 1958. The plaintiff appeals.

The impact causing the death of plaintiff's child occurred on a public road, known as Waterloo Road, that leads in an easterly and westerly direction from the point of impact. Florence, Alabama, is east of the scene while Waterloo is west. Defendant was proceeding to Florence.

The child was on the north side of the road and was attempting to cross over to the south side when he was hit after reaching the south lane of the hard-surfaced road running east and west. The impact

of the automobile with the person of the deceased child was the cause of his death.

At, or right near, the scene of the impact are two dirt roads, or passageways, that intersect the Waterloo Road practically at right angles. The passageway, intersecting the north side of the public road, leads to a public school and also provides access to some dwellings in the area. The passageway or road intersecting the south side of the hard-surfaced road accommodates the occupants of some dwelling houses on the south side. We will not attempt further to delineate the narrated evidence in appellant's brief or in the transcript, both of which we have carefully read.

■ Appellant jointly argues assignments of error Nos. 6 and 7, which are related. Under the decisions of this court, joint argument of related assignments is permissible. Bryan v. W. T. Smith Lumber Co., 278 Ala. 538, 179 So.2d 287. Socier v. Woodard, 264 Ala. 514, 88 So.2d 783.

Assignment of error No. 6 complains that the trial court committed error in sustaining defendant's objection to the following question:

"Q. All right now then how long have you seen pedestrians use that roadway crossing the Waterloo Road?"

Also, appellant insists that the trial court erred in sustaining appellee's objection to plaintiff's question to his witness, Mrs. Jackie Thomas, as follows:

"Q. Was the dirt road, or section line road, or the gravel road, is that used as a pedestrian crossing by the people in that community?"

■ We think the trial court properly sustained defendant's objection to the first aforementioned question, because it assumes, without more, that pedestrians had been using the roadway crossing. The inquiry was to find out how long such assumed use had been going on.

■ We are of the opinion, and so hold, that the trial court committed prejudicial error in sustaining defendant's objection to the question addressed to Mrs. Jackie Thomas (assignment of error No. 7). A central issue was whether or not the defendant at the time of impact was driving her automobile in an imprudent manner, or was guilty of negligence, as charged in the complaint, that proximately caused the death of the minor child.

■ Relevant thereto was whether or not the defendant had notice that the point of impact, or the area of the Waterloo Road between the two intersections of the dirt roads, was being used by pedestrians as a crossing. General knowledge of a fact in a community may be proved, as evidence tending to trace notice of such fact, its existence being otherwise shown. Hodges v. Coleman, 76 Ala. 103, 114.

We observed in Ward v. Herndon, 5 Porter 382, 385, as follows:

"Whenever it becomes necessary to trace the notice of a fact to any one, it is not *in general*, necessary, to do this by direct and positive proof, but it is competent to shew such a state of circumstances, as negative the absence of notice. And as no man is presumed to be so much of a recluse, as not to know what is generally known and talked of, in his neighborhood,—where positive proof cannot be had of such knowledge, it is competent to prove a circumstance, from which it is inferrible."

Mrs. Hill, the defendant, testified that she had been living in the Rhodesville community most of her life; that she had been traveling the road past the scene of the impact off and on for five, six or seven years; that she knew there were some houses on the south side of the road, and that there was a school "back there" on the north side. Also, there were some houses back there but she didn't know how one approached them.

Appellee contends that the trial court was free from error in sustaining the aforementioned question to Mrs. Thomas, for the reason that the question called for

evidence that was cumulative. Pretermitting the contention that there was no error because the evidence, if elicited, was cumulative, and acknowledging there was a cumulative effect, we think it should have been admitted for the reason that plaintiff, who had testified or did testify about pedestrians crossing at or near the point of impact, was interested in obtaining a verdict, and this evidence belonged to be weighed in that light.

■ The testimony of Mrs. Thomas, if in the affirmative, would have served to give the jury the evidence of a disinterested witness as to pedestrian travel across the highway at the point of impact. We hold that the question, if answered in the affirmative, comports with our pronouncement in George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 502, 140 So. 578, 580, as follows:

"* * * 'Whatever tends to shed light on the main inquiry, and does not withdraw attention from such main inquiry by obtruding upon the minds of the jury matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence.' Richardson v. State, 204 Ala. 124, 85 So. 789, 793."

See, also, Lackey v. Thomas, 236 Ala. 602, 184 So. 264, 265.

■ Appellee answers also that to put the trial court in error for sustaining objection to the question, the plaintiff (appellant) should have informed the trial court what would have been the answer of the witness to the question which was disallowed. Citing Burnett v. Garrison, 261 Ala. 622, 631, 75 So.2d 144, wherein this court observed:

" 'It is necessary in order to review a trial court's ruling sustaining objection to a question which does not on its face show what is the expected answer, that attention be called to the proposed answer and show that such answer would be relevant evidence, notwithstanding section

445, Title 7, Code of 1940. Flowers v. Graves, 220 Ala. 445, 125 So. 659; Morgan Hill Paving Co. v. Pratt City Savings Bank, 220 Ala. 683, 127 So. 500; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Southern Railway Co. v. Montgomery, 229 Ala. 456, 157 So. 854.' Strickling v. Whiteside, 242 Ala. 29, 31, 4 So.2d 416, 417."

But we think that the question disallowed shows on its face the expected answer, namely, that the area at the point of impact was used as a pedestrian crossing by the people in that community. There was nothing subtle or blind in the question. An answer "yes" or "no" would have been proper. The trial court, by the tenor of the question, was informed that the plaintiff expected an affirmative answer. Certainly, the plaintiff would not have asked the question if he expected a negative answer.

■■ Assignment of error No. 3, says, and appellant argues, that the trial court erred in giving, at defendant's request, written charge 10 which the Reporter will set out. It may be, however, that the charge omits reference to whether the defendant, by her acts, produced the "sudden emergency." But, if such is conceived to be the case, the plaintiff should have asked instructions directing the attention of the jury to the qualification of the principle that the defendant could not claim the benefit of the doctrine, if she brought about the emergency. Hill v. Almon, 224 Ala. 658, 141 So. 625(8). We will not put the trial court in error for giving the charge. It was subject to an explanatory charge.

We are not unmindful of appellant's contention that mere necessity for quick action does not constitute an emergency within the rule, when the situation or danger calling for such action is one which

reasonably should have been anticipated, and which the person charged with negligence should have been prepared to meet. 65 C.J.S. Negligence § 17, p. 610; Clark v. Farmer, 229 Ala. 596, 159 So. 47(5, 6). If the evidence at the next trial presents a situation of danger to pedestrians that the defendant should reasonably have anticipated, the trial court will take the same into consideration when giving instructions to the jury.

■ If the highway at or near the point of impact was customarily used as a crossing point by pedestrians, and defendant was informed, either by actual or general knowledge in the community, of such use, and proceeded to operate the automobile without the observance of lawful prudence and caution in the light of such pedestrian traffic, she could not claim the doctrine of "sudden emergency" as a defense. Gaines v. Campbell, 159 Va. 504, 166 S.E. 704; Alaga Coach Line v. Foy, 227 Ala. 506, 150 So. 493(10). In other words, the defendant must be free from fault in bringing about the emergency. Birmingham Rwy., Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013(12); Vol. 10C, Blashfield's Cyc. of Automobile Law and Practice, § 6745.

We deem it unnecessary to consider other argued assignments of error. Suffice it to say that the same alleged errors may not occur at the next trial.

For error of the court in sustaining defendant's objection to the question plaintiff propounded to Mrs. Jackie Thomas, supra, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.