This case presents an insurance coverage question. The policy is a family automobile policy which was originally issued to Robert L. Atkinson and described the owned vehicles as a 1971 LTD and a 1974 Ford Pickup. Robert drove the pickup and his wife, Ann, drove the LTD. During the policy period, Robert and Ann separated and Ann became the named insured by endorsement to the policy which also deleted coverage on the pickup and added a 1971 Oldsmobile. This automobile was driven by Janice Lambert, the Atkinsons' twenty-year-old daughter, who lived with her mother. Title to this car was in Mrs. Atkinson. Janice Lambert was involved in an accident in January, 1977, while driving this automobile and it was declared a total loss. The Hartford paid the loss with its check made payable to Mrs. Atkinson and Janice. Janice bought a 1971 Mercury Cougar with the proceeds of this check. The bill of sale to this automobile was to Mrs. Atkinson and Janice. The Mercury was not added to the Hartford policy as an owned automobile. Janice was involved in a second accident in the Mercury *Page 1304 
in April of 1977. The Hartford denied coverage on the ground that the Mercury was not an automobile acquired by the named insured and, therefore, was not a newly acquired automobile under the terms of the policy.
State Farm Mutual Automobile Insurance Company, insurer of the automobile with which Janice collided while driving the Mercury, brought this action for declaratory judgment against The Hartford asking for a declaration that The Hartford was obligated to defend Janice Lambert. The trial court held that The Hartford was obligated to defend Janice Lambert and it appealed. We affirm.
The Hartford argues that the trial court erred in holding that the Mercury was covered under the policy based on the policy's definition of an "owned automobile." According to the policy, the term "owned automobile" means:
 "(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,
"(b) a trailer owned by the named insured,
 "(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
 "(1) it replaces an owned automobile as defined in (a) above, or
 "(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile . . ."
Hartford argues that the trial court failed to make a finding that the second automobile was purchased by the named insured, Mrs. Atkinson; and, further, that the evidence will not support such a finding. It is Hartford's position that, unless Mrs. Atkinson, either individually or jointly with Janice Lambert, purchased and held an interest in the second automobile, it could not be a replacement automobile covered by the "newly acquired automobile clause" of the policy.
The trial court specifically found that the Mercury was a replacement automobile under the policy. The final judgment contains the following findings of fact:
 "That the Defendant, Lambert, had an Oldsmobile automobile insured under a policy of insurance issued by the Defendant, Hartford. The automobile was involved in a collision and was determined by the Defendant, Hartford, to be a total loss. In fact, the Defendant, Hartford, offered to find a replacement automobile for the Defendant, Lambert, or in the alternative pay the Defendant, Lambert, the sum of $1,650.00 on the basis of the said Oldsmobile being a total loss. The Defendant, Lambert, accepted the payment for the total loss. The day she picked up the check from Defendant, Hartford's agent, Mr. Jones, she advised him that she had picked out a Mercury automobile and was on her way to purchase it with the check that she received from the Defendant's agent. This notice to the Defendant's agent constituted adequate notice to the Defendant, Hartford, that the Oldsmobile was being replaced by the Mercury automobile. There was no return of any premium by the Defendant, Hartford, to the Defendant, Lambert. That the policy issued by the Defendant, Hartford, specifically covering the Oldsmobile that was destroyed, afforded coverage on the Mercury automobile that was obtained as a replacement."
Accordingly, the trial court ordered:
 "That the Defendant, The Hartford Insurance Group, is the insurer of Defendant, Janice A. Lambert, under policy number 20 GA 309274 in accordance with the terms and provisions of said policy and liable to defend the actions or claims pending against Janice A. Lambert and *Page 1305 
arising out of an automobile accident while the said Janice A. Lambert was operating the Mercury automobile."
There is evidence in the record to support a finding that Mrs. Atkinson, the named insured, acquired the Mercury as a replacement for the previously covered Oldsmobile.[1] It is of no consequence that this may have been done in concert with her daughter. See American Indemnity Co. v. Davis, 155 F. Supp. 47
(M.D.Ga. 1957).
Hartford finally contends that the trial court erred in sustaining objection to a question put to Janice Lambert regarding a statement made by her to a Hartford representative. Hartford argues that the trial court incorrectly applied the provisions of Section 1 of Act No. 826, Acts of Alabama 1965, page 1548, approved September 2, 1965. Assuming, without deciding, that Act No. 826, supra, is valid, there is no reversible error on this point. The Hartford did not make an offer of proof regarding the alleged statement. ARCP 43 (c) states:
 "In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. The court may require the offer to be made out of the hearing of the jury. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. In actions tried without a jury the same procedure may be followed, except that the court upon request shall take and report the evidence in full, unless it clearly appears that the evidence is not admissible on any ground or that the witness is privileged."
As stated in the Committee Comments, "Rule 43 (c) simply gives a party a right to place in the record for appellate purposes, the proof he was denied the opportunity to adduce at the trial level after the objection has been sustained against him." Rule 43 (c) was not intended, nor does it abrogate the need, for an offer of proof under appropriate circumstances. Under this rule, the law remains as stated. Cherry v. Hill, 283 Ala. 74,77, 214 So.2d 427 (1968), citing Burnett v. Garrison, 261 Ala. 622,631, 75 So.2d 144 (1954):
 "`It is necessary in order to review a trial court's ruling sustaining objection to a question which does not on its face show what is the expected answer, that attention be called to the proposed answer and show that such answer would be relevant evidence. . . .'"
See, e.g., Greer v. Eye Foundation, Inc., 286 Ala. 63,237 So.2d 456 (1970); Killingsworth v. Killingsworth, 283 Ala. 345,217 So.2d 57 (1968), appeal after remand, 284 Ala. 524,226 So.2d 308 (1968); Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548
(1956).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
[1] The bill of sale shows: "SOLD TO Ann Atkinson Janice (Atkinson) Lambert"