This is a divorce case.
Robert A. Walton, Jr., appellant, and Teresa R. Walton, appellee, were married by legal ceremony on May 11, 1977. One child, a daughter, was born of the marriage. The parties were subsequently divorced by final decree on October 19, 1979. The divorce decree provided that appellee would retain custody of the child, with visitation privileges given to appellant; that appellant was to provide medical and life insurance for the child, and pay $200.00 per month as child support; and that appellant would receive the entire interest in the parties' home in Ensley, which they both purchased during the marriage. Appellant was required to pay appellee the sum of $1,500.00 for her interest in the house, and the parties' other property was divided between them. Appellee thereafter continued to use her married surname.
Prior to the October 19 decree, appellee had moved out of the parties' Ensley home and rented a house in Gardendale. Around October 22, 1979, after the divorce had become final, appellant brought appellee her copy of the divorce decree. Both parties agree that they had a conversation regarding living together again, although the evidence as to the contents of the conversation is in dispute. At that time appellee moved back into the Ensley house with appellant. The provisions of the October 19 decree were apparently ignored.
Appellee's stay at the Ensley house with appellant was sporadic, with appellee sometimes leaving the house for several days and moving back in at a later date. The parties continued to live in this fashion for a period of seven months.
During the time the parties lived together, they sold their Ensley home, executing *Page 860 
the conveyance as husband and wife. The parties subsequently attempted to purchase a farm; the contract for purchase was signed by both parties as husband and wife. When the purchase of the farm fell through, the parties bought a house in Pleasant Grove in the summer of 1980. The conveyance was signed by both appellant and appellee as husband and wife, although appellant claims he had no knowledge of that fact. The real estate agent who prepared the documents testified that she assumed the parties were husband and wife; she was not told otherwise. The evidence is unclear as to whether the proceeds of the sale of the Ensley house were used to finance the Pleasant Grove house. Appellant testified that the down payment came from his savings account; both parties assumed first and second mortgages, although appellant subsequently made all the payments.
In June 1980 appellee moved out of appellant's residence completely, and the parties began to comply with the provisions of the divorce decree. Appellant was later institutionalized for treatment of alcoholism and related emotional problems.
In December of 1980 appellant filed a bill in the circuit court to set aside the deed to the Pleasant Grove house and to reform the document to reflect appellant as sole owner. Appellee subsequently filed a pleading, alleging that the parties had entered a common-law marriage after their October 19, 1979 divorce, and requesting that the court grant the parties a divorce and effect a division of property. Appellant denied that the common-law marriage existed.
The Circuit Court of Jefferson County, hearing the evidence ore tenus, found that the marriage between the parties had been reestablished by their post-divorce conduct, and granted the parties a divorce. The provisions of the decree were similar to the provisions of the original decree, with three exceptions. The Pleasant Grove house was to be sold, the mortgages paid, and the leftover proceeds divided equally between the parties. Appellant was required to pay appellee the sum of $500.00 as alimony in gross, and to pay appellee's attorney's fee of $1,000.00. Appellant asserts that the actions of the court were erroneous, and brings this appeal.
Appellant raises three issues to be decided by this court: (1) whether the parties' post-divorce conduct clearly established the existence of a common-law marriage; (2) assuming a common-law marriage was established, whether it was error and an abuse of discretion for the court to require that the Pleasant Grove property be sold and the proceeds divided between the parties, and to require appellant to pay appellee $500.00 as alimony in gross and to pay her attorney's fee; and (3) whether it was error for the court to refuse to allow appellant to make an offer of proof concerning certain excluded evidence.
Appellant first contends that the evidence is insufficient to establish the existence of a marriage relationship. We do not agree. To constitute a common-law marriage, there must be a present agreement or a mutual understanding to enter into the marriage relationship; the parties must be capable in law of making the marriage contract; and there must follow cohabitation as husband and wife and a public recognition of that relationship. Golden v. Golden, 360 So.2d 994 (Ala.Civ.App.),cert. denied, 360 So.2d 996 (Ala. 1978). No words of assent are required; present intention is inferred from cohabitation and public recognition. Skipworth v. Skipworth, 360 So.2d 975 (Ala. 1978).
 The marriage relationship may be shown in any way that can be known by others, such as living together as man and wife, referring to each other in the presence of others as being in that relation, declaring the relation in various types of documents and transactions, sharing household duties and expenses, and generally engaging in ". . . all of the numerous aspects of day-to-day mutual existence of married persons." [Citations omitted.]
Bishop v. Bishop, 57 Ala. App. 619, 330 So.2d 443 (1976).
Due to the serious nature of the marriage relationship, the courts will closely scrutinize claims of common-law marriage *Page 861 
and require clear and convincing proof thereof. Piel v. Brown,361 So.2d 90 (Ala. 1978). The ore tenus rule applies, however; this court need determine only if there is evidence to support the trial court's findings. Huffmaster v. Huffmaster, 279 Ala. 594, 188 So.2d 552 (1966). We find that there existed ample evidence to support the finding that a marriage relationship existed. During the time that the parties lived together, they sold their home in Ensley and purchased a new home in Pleasant Grove, executing both conveyances as husband and wife. For the tax year 1979 the parties filed a joint tax return as husband and wife. The returns were prepared by the appellee's accountant from information provided by appellant, and signed by both parties. Appellee at times also used appellant's Sears charge card; the evidence is in dispute as to whether appellant gave his permission for the use. Appellee opened a Parisian account, using her married surname.
Prior to the divorce decree of October 19, 1979, the parties maintained a joint bank account. Appellant maintains that after the divorce he withdrew appellee's name from the signature card, and ultimately closed the account. Appellee testified that the account still existed after the divorce and that the proceeds from the sale of the Ensley house were deposited there. Nevertheless, appellee's portion of the proceeds from the sale of the Ensley house was never separated from the rest of the proceeds, and presumably was used to finance a part of the purchase of the Pleasant Grove house.
Appellee also testified to at least two occasions in which the parties were introduced as husband and wife. There is also evidence that appellee filed claims as appellant's spouse on the insurance policy provided him by his employer.
In short, then, we find ample support for the trial court's finding that a marriage relationship did indeed exist between the parties. That portion of the trial court's judgment is hereby affirmed.
Appellant next contends that, assuming a marriage relationship did exist, it was error for the court to order the Pleasant Grove house to be sold and the proceeds divided equally between the parties. We find no error in the court's decree. Nor do we find any abuse of discretion in the award of $500.00 alimony in gross and $1,000.00 in attorney's fee to appellee. A division of property and an award of alimony, after consideration of the equities and contributions by the parties, are matters of discretion of the trial court and will not be disturbed on appeal except for palpable abuse. Harris v. Harris, 390 So.2d 293
(Ala.Civ.App.), writ quashed, 390 So.2d 294 (Ala. 1980). The requirement that the husband pay the wife's attorney's fee is likewise discretionary with the trial judge and will not be reversed except for abuse of discretion. Reynolds v. Reynolds,376 So.2d 732 (Ala.Civ.App. 1979).
In view of the fact that appellee had an interest in the house itself, and the fact that she retained custody of the minor child, equal division of the proceeds of the house in which the parties lived during marriage can reasonably be justified, as can the award of $500.00 alimony in gross and the award of attorney's fee. Appellee contributed in her own way toward the marriage; apparently, too, there was fault on both sides in necessitating the divorce which the court might consider. Considering all relevant factors, there was no abuse of discretion on the part of the trial court.
Appellant lastly contends that the circuit court committed reversible error in refusing to allow him to make an offer of proof with respect to certain excluded evidence, since only in that way could he preserve error on appeal. Generally, in order to preserve review of the trial court's ruling sustaining an objection to proffered evidence, the party offering the evidence must make an offer of proof indicating what the evidence would have shown. Cherry v. Hill, 283 Ala. 74, 214 So.2d 427 (1968). However, in situations in which the question disallowed indicates on its face the expected answer, no offer of proof is necessary to preserve error on appeal. Id. *Page 862 
Appellee called Officer Logan to the stand to testify that he had accompanied appellee when she went to appellant's house to collect the articles of furniture and clothing which were hers by virtue of the October 19 divorce decree. Officer Logan testified that appellant met them at the door. In a conversation which followed, Officer Logan questioned appellant:
 I said, "Are you divorced?" And he said, "We're getting one." I said, "Are you divorced?" And he said, "No."
On cross-examination Officer Logan stated that upon entering the house he, Officer Logan, telephoned appellant's counsel. Appellant's counsel then asked the following question:
 Q. That they were divorced, was that discussed with you over the phone in their presence and did you discuss that in their presence?
A. I think you told me —
MR. LONG: Object, Your Honor.
THE COURT: Sustained.
This question appears on its face to clearly indicate what the expected answer would be, i.e. that the marital status of the parties was discussed. We are therefore able to review the propriety of the court's ruling sustaining an objection to the above testimony.
We find that the court committed error in excluding the proffered testimony. The evidence sought to be introduced would be admissible for the purpose of proving merely that a statement was made, not to prove the truth of the matter stated. See Bryantv. Moss, 295 Ala. 339, 329 So.2d 538 (1976). However, rule 45 of the Alabama Rules of Appellate Procedure provides that no judgment may be reversed or set aside "unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Viewing the case as a whole, we do not find the court's error to be reversible error. The testimony in question of Officer Logan was offered presumably to refute the existence of a marriage relationship between the parties. In light of the other facts already in evidence, admission of this testimony would have had little effect on the outcome of the case.
Accordingly, the judgment of the trial court is affirmed.
Appellee's request for attorney's fees is granted in the amount of $350.00.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.