EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The only issue raised on this appeal is whether the trial evidence adequately established the existence of a common law marriage between the parties as was averred by the wife in her complaint for a divorce and other relief. After an eviden-tiary hearing before the trial court, a judgment was rendered which ascertained that the parties did enter into a common law marriage. The husband appeals. We affirm.
In viewing the record with the attendant presumptions which are accorded to the trial court’s findings after an ore tenus trial, we find the following evidence to be pertinent to the issue before us.
The parties were first divorced in July, 1980.
The husband testified that, shortly after their divorce, he told the wife that in God’s eyes they were still married and that, as far as he was concerned, he was still her husband and she was still his wife. She asked him whether or not they should go through another marriage ceremony and he responded that it was not necessary since in God’s eyes they were still married. He asked her to return and live with him and, shortly after the divorce, she did so and lived with him from that time until she left in 1982. They went to a few places together, such as to a church revival. He further stated that, during the time that they were living together, the wife held herself out in the community to her friends and to everyone else as being his wife and that he never told anyone differently. In December, 1981, they attended the wedding of one of their adult children together, went in at the same time, signed the quest book as “Howard and Ann Cosby” and were photographed with each other after the ceremony. ' During the time that they lived together in the home, the wife, apparently without any objection from the husband, utilized charge accounts and received statements from creditors which were billed to and directed to her as “Mrs. Thomas H. Cosby.” He authorized her to endorse his salary checks and to deposit them in a joint bank account.
Among other matters, a next door neighbor testified that the parties lived together for about one and one-half years after they went back together subsequent to their divorce. On several occasions she casually observed them jointly leave the home. She saw the wife bring groceries into the home.
Part of the wife’s evidence before the court was that they lived continuously together for about eighteen months, from approximately three months after the divorce until four months before their last trial on July 29, 1982. During that time they had sexual relations on numerous occasions, In that interval, as was their custom on special occasions, they registered as man and wife in two different motels. While living with her husband she had no relations of any character with another man. She held herself out as his wife and him as her husband.
For the same legal reasons as were stated in Walton v. Walton, 409 So.2d 858 (Ala.Civ.App.1982), including the ore tenus rule, we hold that the evidence amply supported the trial court’s decision that the parties were married according to the common law. There was credible evidence, most of it being from the husband himself, that, if believed, supplied the requisite proof of each of the elements which are necessary in or *448 der to prove a common law marriage. The trial court did not abuse its discretion. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.