HOLMES, Judge.
Home Insurance Company and Stillman College, the appellees, filed suit seeking a declaratory judgment to determine who was entitled to certain workmen’s compensation death benefits.
The appellant, Watford, claimed entitlement on the grounds that she had been the deceased’s common-law wife and is now his widow. The Circuit Court of Tuscaloosa, after an ore terms hearing, found that a common-law marriage had not existed between the deceased and Watford and, therefore, Watford was not entitled to receive workmen’s compensation benefits. Watford through able counsel now appeals. We affirm.
The dispositive issue is whether there is evidence to support the trial court’s actions.
“To constitute a common-law marriage, there must be a present agreement or a mutual understanding to enter into the marriage relationship; the parties must be capable in law of making the marriage contract; and there must follow cohabitation as husband and wife and a public recognition of that relationship.” Walton v. Walton, 409 So.2d 858, 860 (Ala.Civ.App.1982).
In the present case the deceased started living with Watford sometime before his divorce from another woman. The deceased lived continuously with Watford from somewhere around 1975 until his death in 1983.
The following testimony from Watford, while revealing admirable candor and honesty, also supports the trial court’s conclusion that Watford and the deceased were not common-law wife and husband.
“Q Well, he proposed to you one time and you rejected his proposal, didn’t you?
“A He proposed to me more than once.
“Q But whether he proposed to you one time or a hundred times, you never accepted his proposal, did you?
“A I wasn’t ready to get married.
“Q You were not ready to get married.
“A No.”
Viewing the record with the attendant presumptions accorded the trial court’s action, the above clearly supports the trial court’s conclusion that the necessary elements constituting a common-law marriage were not present. In particular, there was a lack of a present agreement or a mutual understanding to enter into the marriage relationship.
We further note that the deceased and Watford used their individual names. The deceased also listed himself as single on his employment records approximately a year before his death. It was the deceased’s ex-wife’s understanding that the deceased was only “boarding” at Watford’s.
Watford also expressed a reluctance to marry the deceased until he had established himself in a full-time job, and that the deceased had only been employed for a year before his death and she did not consider him “established.”
Clearly, at least Watford, if not the deceased as well, lacked the intent to enter into a permanent, legally-binding relationship. Simply put, the evidence supports a conclusion that there was not a present agreement to enter into a marriage relationship with the attendant ramifications.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.