John Deere Industrial Equipment Company and John Deere Credit Services, Inc. (referred to collectively as "John Deere"), brought this action to recover a deficiency allegedly owed by Billy Ray Kilcrease, following the repossession and sale of logging equipment that Kilcrease had purchased from and financed with John Deere. Kilcrease counterclaimed, alleging fraud, breach of contract, conversion, and a commercially unreasonable disposition of the collateral (the logging equipment). See Ala. Code 1975, §§ 7-9-504, -506, and -507. The court entered a judgment on a jury verdict for John Deere on its claim and on Kilcrease's counterclaim; Kilcrease appealed.
We need address only one of the issues raised by Kilcrease: Whether the trial court erred in rejecting the testimony of Kilcrease's proffered "expert" witness, James W. Skelton; and, if so, whether the error requires a reversal of the judgment. We answer both questions in the affirmative, and reverse and remand.
At trial, in support of his contention that John Deere had sold the collateral in a commercially unreasonable manner, Kilcrease offered the testimony of James W. Skelton, whom he presented as an expert witness. On appeal, Kilcrease contends that the trial court committed reversible error in sustaining John Deere's objection to Skelton's testifying as an expert on the issue of commercial reasonableness of the sale of the collateral.
The trial court is vested with wide discretion in accepting or rejecting the qualifications of an expert witness.Tidwell v. Upjohn Co., 626 So.2d 1297 (Ala. 1993). We hold, however, that that discretion was *Page 902 
abused here with respect to the witness Skelton, who had wide experience as an appraiser of used logging equipment. Skelton also had experience in the "financing end" of the logging equipment business, having worked at various times for several lending entities involved in the financing of heavy equipment. It is for the jury to determine the weight and credibility of an expert witness's testimony. State v. Holloway, 293 Ala. 543,307 So.2d 13 (1975).
Two sections of the Code are pertinent:
"Section 12-21-114. Market value testimony.
 "Direct testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion."
"Section 12-21-160. Expert witnesses.
 "The opinions of experts on any question of science, skill, trade or like questions are always admissible, and such opinions may be given on the facts as proved by other witnesses."
See, also, Johnson v. State, 378 So.2d 1164 (Ala.Cr.App. 1979); and C. Gamble, McElroy's Alabama Evidence § 127.01(5), p. 331 (4th ed., 1991).
Whether the court's error in rejecting Skelton's testimony is reviewable on appeal, however, is a crucial question. That is, did Kilcrease properly preserve the issue for appellate review by making an offer of proof with respect to Skelton's testimony on the ultimate issue of whether the collateral had been disposed of in a commercially reasonable manner? Stated otherwise, was the trial court sufficiently informed of what Skelton would say if allowed to testify?
John Deere argues that no offer of proof was made with regard to the testimony Skelton would have given, and that that fact means the error, if any, was harmless. Kilcrease responds by arguing that there is no way the trial judge could not have known the purpose for which this expert's testimony was offered. In effect, Kilcrease says that the "on the record" colloquy among trial counsel and the trial judge leads to the inescapable conclusion that all parties understood the purpose of this expert's opinion evidence. We agree.
The rule of exclusion and its exception were aptly stated inWalton v. Walton, 409 So.2d 858, 861 (Ala.Civ.App. 1982):
 "Generally, in order to preserve review of the trial court's ruling sustaining an objection to proffered evidence, the party offering the evidence must make an offer of proof indicating what the evidence would have shown. Cherry v. Hill, 283 Ala. 74, 214 So.2d 427 (1968). However, in situations in which the question disallowed indicates on its face the expected answer, no offer of proof is necessary to preserve error on appeal. Id."
The "offer of proof" rule is not so technical as to require the offering party to explicitly recite the magical phrase "we offer to prove" or words to that effect. The Walton exception to the "offer of proof" rule is applicable if, from the full context of the record, the trial court is fully aware of the nature of the testimony the witness is prepared to give if permitted to testify.
Where, as here, the trial court's awareness of the witness's expert opinion is obvious, given the questions relating to the witness's qualifications, coupled with the scope of the objections thereto, we cannot say, as urged by John Deere, that the admissibility issue is not reviewable on appeal. For cases where no such offer of proof was required, see Killingsworth v.Killingsworth, 283 Ala. 345, 217 So.2d 57 (1968); and Walton v.Walton, supra.
We have carefully examined the purpose of the "offer of proof" rule; and we conclude that the rule's purpose is served where, as here, it is clear that the error (rejecting the witness as an expert) is prejudicial rather than harmless. Harmless error occurs where the record is silent as to the nature and substance of the proffered evidence. Kilcrease's defense, as well as the gravamen of his counterclaim, consists, in substantial part, in his proof of a commerciallyunreasonable resale after repossession. It is unrealistic to suppose that the trial court *Page 903 
was unaware of the purpose for which this witness was called to testify.
Because the trial court's error was prejudicial and not harmless, the judgment is reversed and the cause is remanded for retrial.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
SHORES, INGRAM, KENNEDY, and COOK, JJ., concur.
HOUSTON, J., concurs in the result.