Gladys ANDREWS, Widow of Hancil Andrews, Deceased, Appellee-Plaintiff,

v.

SIGNAL AUTO PARTS, INC., Appellant-Defendant.

Supreme Court of Tennessee.

Dec. 18, 1972.

Rehearing Denied April 2, 1973.

Don Moore, Crutchfield, Moore & Jenkins, Chattanooga, for appellee-plaintiff.

Harold C. Dedman, Noone & Stringer, Chattanooga, for appellant-defendant.

## OPINION

DYER, Chief Justice.

This is a workmen's compensation case presenting the one issue of whether Hancil Andrews, the deceased employee, and Gladys Andrews, the alleged widow, seeking compensation benefits had consummated a valid common law marriage in the State of Alabama. The chancellor found such marriage had been consummated, awarding Gladys Andrews compensation benefits as the widow of Hancil Andrews, deceased.

Prior to December 25, 1969, Hancil Andrews and Gladys Andrews were living in Hamilton County, Tennessee, having been acquainted with each other for about three weeks. Gladys Andrews was first married at a civil ceremony to a Mr. Bice, the marriage ending in divorce. Gladys Andrews next consummated a common law marriage in North Carolina with a Mr. Stallings, which marriage was ended by the death of Mr. Stallings some nine months previous to December 25, 1969. Hancil Andrews was divorced from his second wife on December 24, 1969.

On December 25, 1969, Hancil Andrews and Gladys Andrews left Hamilton County, Tennessee, and drove to Bridgeport, Alabama, where they resided for about three weeks, then returned to Hamilton County, Tennessee, where they resided until the death of Hancil Andrews on December 23, 1970, arising out of and in the course of his employment.

■ A common law marriage cannot be established in Tennessee. Smith v. North Memphis Savings Bank, 115 Tenn. 12, 89 S.W. 392 (1905). However, Tennessee will recognize a valid common law marriage entered into in a jurisdiction where common law marriages are sanctioned. Common law marriages are valid and sanctioned in Alabama. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917 (1921); Huffmaster v. Huffmaster, 279 Ala. 594, 188 So.2d 552 (1966). The issue here is whether a common law marriage was consummated in Alabama during the three weeks these parties resided there, which will be determined under the laws of Alabama.

In support of her claim that the parties consummated a common law marriage in Alabama, Gladys Andrews testified as a witness in her own behalf, and offered the testimony of her mother, Anna Cargile, and that of her son, Charles Eugene Bice.

Gladys Andrews testified she and Hancil Andrews on December 25, 1969, drove from Hamilton County to the home of her mother, Anna Cargile, at Bridgeport, Alabama, arriving about time for the evening meal. That on this day she and Hancil decided to live together as husband and wife and she introduced Hancil Andrews to her mother as her husband; that from this day on they did live together as husband and wife, remaining there at the home of her mother for about three weeks. That while in Alabama she introduced Hancil to her son, Charles Eugene Bice, and to her son's wife, as being her husband. She further testified that while in Alabama she and Hancil were "hardly out of the house;" that they had no bank account in Alabama; that they purchased cigarettes at a service station, and did not buy any groceries; that they did not go to church or visit any neighbors, and she did not think any of the neighbors knew her.

Anna Cargile testified her daughter, Gladys Andrews, and Hancil Andrews came to her home in Bridgeport, Alabama, on December 25, 1969, and remained there for about three weeks. That her daughter introduced Hancil Andrews as her husband, and they lived in the home for three weeks as husband and wife; that she did not know if anyone else was aware that Hancil and Gladys were there in her home or not.

Charles Eugene Bice testified he was the son of Gladys Andrews, and that the time his mother and Hancil Andrews came to visit his grandmother (Anna Cargile) he was living in Bridgeport, Alabama; that his mother introduced Hancil Andrews to him as her husband and his stepfather. He did not know whether or not the community at large knew his mother and Hancil Andrews were married or not.

In Huffmaster v. Huffmaster, supra, the Alabama court, as to common law marriage, said:

It is axiomatic that such a marriage need not be solemnized in any particular ceremony. There must simply be an actual and mutual agreement "to enter into

the matrimonial relationship, permanent and exclusive of all others, after which there was a public recognition of the existence of the common-law marriage." (Citing cases). 188 So.2d at 554.

This element of public recognition "being necessary to a valid common law marriage in Alabama" is restated in the recent case of Beck v. Beck, 286 Ala. 692, 246 So.2d 420 (1971). We note in the Alabama cases on this issue the words "mutual assumption openly of marital duties and obligations," are used. This is the same as saying the acts of the parties have brought public recognition to the marriage.

In the case at bar the acts of Hancil Andrews and Gladys Andrews during their three weeks in Alabama would have to satisfy all the elements necessary to support a valid common law marriage in Alabama, including the element of public recognition of the marriage. If this common law marriage was not valid under the laws of Alabama because the element of public recognition was not satisfied in Alabama, their living together after returning to Tennessee would not supply the necessary element.

The record in this case does not contain any evidence that Hancil Andrews and Gladys Andrews lived openly in Alabama as husband and wife to where there was a public recognition of their marriage in Alabama. In fact, the evidence is to the contrary. Gladys Andrews testified that while she and Hancil Andrews were in Alabama they hardly got of the house, nor did they visit any of the neighbors. Anna Cargile testified she did not know if anyone else was aware Hancil and Gladys were in her home or not. Charles Eugene Bice testified he did not know whether or not the community at large knew his mother and Hancil Andrews were married.

There being no evidence to support the element of public recognition of this common law marriage in Alabama, then there was no valid common law marriage under the laws of Alabama.

The award of workmen's compensation benefits to Gladys Andrews, as the widow of Hancil Andrews, deceased, is reversed and the cause dismissed.

CHATTIN, HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.