330 So.2d 443

**Leon BISHOP**

v.

**Carol Ann BISHOP.**

**Civ. 758.**

Court of Civil Appeals of Alabama.

April 7, 1976.

Powell & Powell, Decatur, for appellee.

HOLMES, Judge.

This is a divorce case from the Circuit Court of Morgan County. The trial court found that a common-law marriage existed between the parties, and granted the plaintiff Carol Ann Bishop a divorce on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage. The trial court awarded custody of two minor children to Carol Ann Bishop and ordered defendant to pay child support. Defendant Leon Bishop prosecutes this appeal.

The sole issue before this court is whether the evidence before the learned trial court was sufficient to justify its finding that a common-law marriage existed between the parties. We find the evi-

Caddell, Shanks, Harris, Moores & Murphree, Decatur, for appellant.

dence to be insufficient to support the trial court's determination, and reverse and remand the cause.

The pertinent facts as revealed by the record are as follows:

Plaintiff-appellee Carol Ann Bishop has known the defendant-appellant, Leon Bishop, since 1969, and first spent the night with him in the latter part of 1970. She has lived with him for a total of some five or six days over a three and one-half year period. During this period she averaged seeing him once a week. She first began using the surname "Bishop" in late 1971, which action defendant neither objected to nor authorized.

Since the beginning of her relationship with defendant, plaintiff has given birth to two children, of whom she asserted defendant is the father. Defendant attested he does not know whether the children are his, although there is some testimony he has at times acknowledged them as his. Defendant has given the children no support save for once paying a doctor bill and, according to plaintiff, furnishing food and diapers for one child on an occasion when plaintiff and the child came to live with defendant. Plaintiff gave the children defendant's surname, of which action defendant was aware.

Defendant has never told plaintiff they were married, and never had any agreement with her to that effect. Plaintiff at one point stated that the relationship between her and defendant was a protracted affair, and that they were not actually common-law husband and wife.

Plaintiff testified that the only times defendant has introduced her to others as his wife were once to his sister, and once to her doctor when one of the children was born. Defendant asserted he has never introduced her to others as his wife. Plaintiff further testified she knew of no one in Decatur, where the parties reside, to whom defendant had introduced her as his wife.

She also testified they are not generally known in the community as being married.

The defendant produced two witnesses who testified in substance that they had no reason to believe plaintiff and defendant were married.

Plaintiff claimed to have various charge accounts in the name of "Carol Bishop."

Plaintiff introduced into evidence a form signed by defendant, by which he as plaintiff's husband consented to her undergoing a tubal ligation for sterilization purposes. Defendant sought to explain this away, stating he could not read or write save to sign his name and that he did not know he signed the form as plaintiff's husband. He further stated that he signed only because he was told by plaintiff his signature was required before she could have the operation.

As noted earlier, the trial judge found that the parties were in fact common-law married, divorced the parties, and ordered defendant to pay plaintiff $30 per week as child support.

It is settled that the law of Alabama recognizes common-law marriage. *Blackwood v. Kilpatrick*, 52 Ala.App. 505, 294 So.2d 753.

■ The requisites for a common-law marriage have been set out numerous times in the decided cases. A recent formulation of these requisites was given by the Supreme Court of Alabama in *Krug v. Krug*, 292 Ala. 498, 296 So.2d 715, wherein Mr. Justice Merrill said:

"To constitute a common-law marriage in this state, there must first have been a mutual understanding to presently enter into the marriage relationship, permanent and exclusive of all others, after which there is a public recognition of the existence of a common law marriage. *Turner v. Turner*, 251 Ala. 295, 37 So.2d 186; *Beck v. Beck*, 286 Ala. 692, 246

So.2d 420." (292 Ala. at 501, 296 So.2d at 718)

 It is indispensable that the parties must comport themselves in such a manner as to achieve public recognition of their status as common-law man and wife. *Vinson v. Vinson,* 260 Ala. 254, 69 So.2d 431, states that the requirement rests upon reasons of public policy. The *Vinson* case points out that common-law marriage is based upon presumptive proofs, and that public recognition is the most persuasive of those proofs in demonstrating that marriage rather than a state of mere concubinage has been intended by the parties.

 We cannot dispute that public knowledge of the common-law marriage is the most effective means of insuring that the more casual relations between men and women are not elevated to the status of marriage. The marriage relationship may be shown in any way that can be known by others, such as living together as man and wife, referring to each other in the presence of others as being in that relation, declaring the relation in various types of documents and transactions, sharing household duties and expenses, and generally engaging in " . . . all of the numerous aspects of day-to-day mutual existence of married persons." *Beck v. Beck,* 286 Ala. 692, 246 So.2d 420; *Vinson v. Vinson, supra.*

 Due to the serious nature of the marriage relationship, the courts will closely scrutinize a claim of common-law marriage and require clear and convincing proof thereof. *Goodman v. McMillan,* 258 Ala. 125, 61 So.2d 55. Applying that scrutiny to the facts of this case, and bearing in mind the above discussion, we are convinced that the distinguished trial judge erred by finding that a common-law marriage existed between plaintiff and defendant.

We can nowhere find an expression by the parties of any mutual understanding to enter the marriage relationship. The testimony belies any such contention. Viewing the facts which purport to show public recognition of the marriage in the light most favorable to the plaintiff, we are of the opinion that they are too meager to adequately show the parties considered themselves as man and wife.

 So viewed, these facts show defendant once signed a medical consent form as plaintiff's husband, twice introduced plaintiff as his wife, and allowed plaintiff and the two children to use his surname. As against this evidence, the record reveals without contradiction that no one in the community knew the parties as married, that defendant never held himself out to plaintiff as her husband, that the parties lived together only a few days over a period of years, and plaintiff during that period saw defendant on the average only once a week.

As stated earlier, the courts require clear and convincing proof of the existence of a common-law marriage. In our opinion, the evidence as set out above shows the plaintiff failed to meet this burden of proof. The facts adduced by plaintiff in proof of a common-law marriage do not meet the required standard of a pervasive pattern of unambivalent conduct, but rather are too few and isolated.

Able and distinguished counsel for appellee wife has filed with this court a motion to dismiss appellant's appeal. The motion is as follows:

"Comes now the Appellee in the above styled cause and would move this Honorable Court to dismiss the appeal heretofore filed by the Appellant for the following reasons:

"1. The Appellant, Leon Bishop, was ordered by order of the Circuit Court in this cause to pay the sum of $30.00 for the support and maintenance of his minor children. The Appellee would further show that the Appellant has failed

to conform to the Alabama Rules of Appellate Procedure, to-wit, Rule 8, and has also failed to pay the amounts ordered by the Circuit Court.

"WHEREFORE, PREMISED CONSIDERED, the Appellee would ask this Court to dismiss this cause because of the failure of the Appellant to comply with the orders of the Circuit Court and also with the Alabama Rules of Appellate Procedures as heretofore indicated."

We have diligently perused Rule 8, ARAP, and we find, in this instance, no basis for dismissing appellant's appeal.

The case is accordingly due to be reversed and remanded.

REVERSED AND REMANDED; MOTION DENIED.

WRIGHT, P. J., and BRADLEY, J., concur.