This case arises out of a controversy involving a written lease agreement. The wording contained in that agreement, and the true intent of the parties with regard to that agreement, is the sole issue. The trial court ruled in favor of the tenant.
The pertinent provision of the lease, as set forth in the plaintiff landlord's complaint, is as follows:
 "For the Tenant to have and to hold from the date when Tenant opens said premises for the transaction of its retail business for the initial term of Five (5) years. The said Tenant shall, in addition, have a Five (5) year option on the same conditions as the initial term. Said option shall automatically arise upon the expiration of the initial term, unless Tenant shall give Landlord notice in writing at least ninety days (90) prior to the beginning of said option period."
In his complaint the landlord asserted the following concerning the provision:
 "The above quoted language [of the option to renew provision], considered along with the dealings of the parties and all related documents, clearly means that the lease automatically renewed and bound all parties effective October 1, 1980, unless Defendants gave the required ninety (90) day notice. No such notice was given. Accordingly, on October 1, 1980, the lease automatically renewed, binding Plaintiff and Defendants to the terms thereof until October 1, 1985, provided that Defendants give the requisite ninety (90) days notice prior to October 1, 1985."
In other words, the landlord contended at trial, and also contends on appeal, that the "option" clause of the lease agreement was, in effect, an "automatic renewal" clause; hence, contends the landlord, because the tenant did not notify him within the stated ninety-day period that he wished to terminate the lease agreement, then the lease automatically renewed and bound both parties to their respective obligations for an additional five years. We agree with the trial judge, who, after hearing the case ore tenus, made the following findings:
 "It is also undisputed from the evidence that the parties never discussed the lease terms of any option or renewal thereof before executing the same. In fact, the plaintiff did not even know of the existence of the above-quoted language in the lease until the summer or fall of 1980 [some two years after the lease was entered into] when he was reviewing all of the leases in the shopping center.
 "The Court further finds that the above-quoted language in the lease is ambiguous, since the term `option' means `privilege' in its normal and legal sense and is not synonymous with `automatic renewal' as claimed by the plaintiff. The Court finds, therefore, that by the language of the lease agreement, there is no automatic renewal of the lease, but the lease merely provides that an option or privilege would arise. Since the document was prepared by the plaintiff and was for the benefit of the plaintiff, the Court finds that the said phrase should be construed against the plaintiff.
 "The Court further finds that even if the above-quoted language were to be construed in favor of the plaintiff, its language and meaning would be in direct conflict with the undisputed meaning of the agreement between the parties of September 16, 1976 [which was a previous agreement entered into by the parties concerning the same premises], that the defendants would guarantee the said lease payments for only four years (September 30, 1980).
 "The Court finds that in any event, because of the ambiguous nature of the clause and because of the conflict between the lease terms and the [previous] agreement of September 16, 1976, that it is necessary to look at the entire transaction to determine the true intention of the parties.
 "From all the evidence and exhibits, the Court is convinced that the true intention of the parties is expressed in the agreement of September 16, 1976, and *Page 122 
that the defendants were obligated to guarantee the lease payments until September 30, 1980, which the defendants have done. The Court finds an absence of intent by the plaintiff or the defendants to modify that agreement, since, as the plaintiff admitted, the parties did not discuss increasing the defendants' obligations nor did the plaintiff even know the above quoted language was in the lease until almost two years after it was executed.
 "Accordingly, the Court finds that the defendants have fulfilled all of their obligations owing to the plaintiff under [the leasing agreement stated earlier], and, therefore, the plaintiff is not entitled to the relief requested.
 "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendants have fulfilled all of its obligations under [the leasing agreement stated earlier], and that the defendants have no further obligation owing to the plaintiff as alleged in plaintiff's complaint."
This case was heard ore tenus; therefore, every presumption will be indulged in favor of the trial court, and its findings will not be disturbed on appeal unless palpably wrong or clearly erroneous. The findings of fact by the trial court and its conclusion of law are clearly supported by the very wording of the lease agreement entered into by the parties. Furthermore, its findings of fact are supported by the evidence given at trial concerning what the parties intended with regard to the lease. The judgment of the trial court, therefore, is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.