Plaintiff, Davidson Industries, Inc., filed this action in Russell Circuit Court against Ira Dennis Salter, individually, and Capital Components, Inc., d/b/a Kwick Set Components, Inc., for failure to pay a debt on open *Page 136 
account. The trial court heard testimony ore tenus, dismissed Ira Dennis Salter as a party defendant, and entered judgment against Capital Components and Kwick Set Components for $20,567.92 together with interest and court costs. Kwick Set appeals. We affirm.
Kwick Set contends that it was never named as a party defendant in this action, but only as a trade alias of the defendant Capital Components. According to Kwick Set, the two entities are separate corporations. As a result Kwick Set claims that process was never directed to it as an entity and therefore the trial court lacked jurisdiction to render judgment against Kwick Set Components, Inc., under Rule 4, Alabama Rules of Civil Procedure. We disagree.
The order holding Kwick Set liable was based upon the following findings made by the trial court:
 "That Kwick Set Components, Inc., was a dominant corporation as to Capital Components, Inc. at all times pertinent to this cause of action and that Capital Components, Inc. had become a mere instrumentality of Kwick Set Components, Inc.; that the president of both corporations was one and the same, i.e., Ira Dennis Salter, and that the actions of the dominant corporation caused the plaintiff harm in the damages complained of through misuse of the control of the subservient corporation.
 "The reality of this relationship indicates that the president of Kwick Set Components, Inc. purchased goods in the name of the defunct or subservient corporation and upon delivery delivered these to Kwick Set Components, Inc. who then performed jobs of a construction nature disposing of the goods and in these transactions it is to the Court as if the defunct corporation did not exist and the justice of the case requires the Court to look directly at Kwick Set Components, Inc. for the injuries and damages caused."
The record further reveals that Capital Components, Inc., is out of business, has no corporate office, and has been defunct since the latter part of 1979. Thereafter, Capital Components and Kwick Set entered into an agreement whereby Kwick Set would finish up certain contracts for Capital Components in return for payment. Some of the merchandise purchased by Capital Components from plaintiff was used in connection with the work subcontracted by Capital Components for Kwick Set. Although Kwick Set denies any obligation to pay for the materials shipped to Capital Components, there is evidence that Kwick Set attempted to pay at least one invoice from plaintiff. That payment was refused, however, because of insufficient funds. The testimony of Ira Dennis Salter, president of both Kwick Set and Capital Components, discloses that Salter and his father constitute the majority of the directors on both boards. Furthermore, both corporations have the same mailing address.
The liability of Kwick Set was obviously predicated upon the rule that, when one corporation controls and dominates another corporation to the extent that the second corporation becomes the "mere instrumentality" of the first, the dominant corporation becomes liable for those debts of the subservient corporation attributable to an abuse of that control. KrivoIndustrial Sup. Co. v. National Distill. Chem. Corp.,483 F.2d 1098 (5th Cir. 1973). That is, the legal fiction of separate corporate entity should not be so extended "as to enable the corporation to become a vehicle to evade just responsibility." Forest Hill Corp. v. Latter Blum, 249 Ala. 23,27, 29 So.2d 298 (1947). The theory of separate corporate existence can properly be discarded, even in the absence of fraud, to prevent injustice or inequitable consequences. Woodsv. Commercial Contractors, Inc., Ala., 384 So.2d 1076 (1980). Two elements are essential, however, for liability under the "instrumentality doctrine." First, the dominant corporation must have controlled the subservient corporation, and second, the dominant corporation must have proximately caused plaintiff harm through misuse of this control. Krivo Industrial, 483 F.2d at 1103. *Page 137 
The second element, i.e., harm to plaintiff, has clearly been established in this case. The crucial question to be answered is whether Kwick Set, the alleged dominant corporation, controlled Capital Components. The control required under the "instrumentality" rule amounts to "total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation." Krivo Industrial, 483 F.2d at 1107.
In the case before us, plaintiff presented evidence that (1) both corporations have the same president and board of directors and (2) Kwick Set purchased goods through the name of the defunct corporation, Capital Components, and used these goods to perform contracts. The mere fact that some or all of the stockholders or officials of two corporations are identical or because one corporation dominates the other does not, of itself, destroy the corporate identity or merge one into the other. Forest Hill Corp. v. Latter Blum, Inc., 249 Ala. 23,29 So.2d 298 (1947). That factor, however, combined with the apparent scheme here of the dominant corporation to avoid payment of the subservient corporation's debts while benefiting from use of the goods causing that debt, indicates a lack of separate corporate purpose or existence on the part of the subservient corporation. The courts will not "allow the corporate entity to successfully masquerade through its officers, stockholders, representatives or associates so as to defeat the payment of its just obligations." Id. at 28,29 So.2d 298.
Our review of the record convinces us that the trial court had before it sufficient evidence from which it could have found that Capital Components had become the mere instrumentality of Kwick Set and that justice required the court to look directly at Kwick Set for payment of the injuries and damages caused plaintiff. Those findings and the decree based thereon are entitled to a presumption of correctness which may be overturned only if plainly or palpably erroneous.Ragland v. Walker, Ala., 411 So.2d 106 (1982).
Although Kwick Set claims that it was not properly served with process, the record reveals that process was served upon Ira Dennis Salter, the president and official agent of both Capital Components and Kwick Set. That service was sufficient to bring Kwick Set within the jurisdiction of the court. Rule 4, Alabama Rules of Civil Procedure.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.