This is an appeal from a judgment declaring a 1955 deed null, void, and without legal effect due to the lack of mental capacity of the grantor. We affirm.
On 25 April 1955, Ella Martin executed and delivered the deed in question, conveying property located in Anniston, Alabama, to one of her daughters, defendant Sharlie Mae Martin. At the time the deed was executed Sharlie Mae and her two children were living with Ella, who was under a doctor's care, apparently having suffered a stroke. There was testimony that during this time period, around 1954 and 1955, Ella did not recognize her children and she started "to lose grasp of what was going on."
Ella signed the deed in question with an "X," followed by the words "Her Mark." Execution of the deed was witnessed by one Robert Zachary and notarized by one William Andrews, Jr. It was recorded on 30 March 1956, some four or five days after Ella's death. There was conflicting testimony as to whether Ella was mentally competent at the time she executed the deed. Zachary, a longstanding friend of the Martin family, testified that in his opinion Ella did not know what she was signing when she executed the deed. Andrews testified that he frequently visited with Ella and she understood what she was doing when she executed the deed.
Shortly after Ella's death, three of Ella's other children and their spouses conveyed by quitclaim deed all their respective rights, title, and interest in the property in question to plaintiff Ella G. Slayton, also one of Ella's daughters. The deed was recorded on 24 January 1957. A year and a half later the house and property was sold to the State of Alabama for delinquent taxes. Shortly thereafter, the house was condemned and torn down and the property has remained an unimproved vacant lot since that time.
On 28 July 1958 the property was redeemed by Slayton "on behalf of the Estate of Ella Martin," and the property was thereafter assessed in that manner. All subsequent ad valorem
tax notices on the property were mailed to Slayton at her home address in Chicago, Illinois, and she has paid all taxes on the property since that time.
Several years after these events Slayton attempted to arrange for the sale of the property. Upon discovery of the existence of the deed from Ella to Sharlie Mae, Slayton instituted legal proceedings to clear up the title to the property and set aside the deed to Sharlie Mae. Service of process was secured by publication and Sharlie Mae filed an answer to the complaint, pleading in bar of the action: legal title and, in abatement, laches upon the part of Slayton in bringing the action.
An ore tenus hearing was held on 25 June 1981. Following submission of trial memorandum briefs, by the parties, on 2 December 1981 the trial court entered judgment setting aside the deed in question as null, void, and without legal effect, on the ground that at the time of the conveyance to Sharlie Mae, Ella lacked the necessary mental capacity to execute it. Notice of appeal was filed and the appeal was *Page 25 
transferred to this court by the Court of Civil Appeals.
After careful review of the entire record, we are of the opinion that the evidence in this case does not warrant reversal. The trial court heard the conflicting evidence oretenus and found that Ella lacked the mental capacity to do so at the time she executed the deed. It is well settled that in an ore tenus case every presumption must be indulged in favor of the correctness of the judgment of the trial court and its findings will not be disturbed unless palpably wrong. Ford v.Alabama By-Products Corp., 392 So.2d 217 (Ala. 1980).
Slayton had the burden of proving to the reasonable satisfaction of the trial court that Ella was incompetent at the very time of the transaction. Cagle v. Casey, 405 So.2d 28
(Ala. 1981). The evidence presented regarding this is in direct conflict. The trial court concluded that under the evidence Slayton carried her burden of proof.
Under the facts of this case we conclude the trial court did not err in its findings or entry of judgment. The judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.