This is a workmen's compensation case.
The employee was killed in a truck accident in the course of his employment in November 1983. The plaintiff sought workmen's compensation benefits as the wife of the deceased employee. The employer refused to pay her such benefits on the ground that she was not, in fact, the employee's wife.
The plaintiff filed suit in the Circuit Court of Marion County. Following ore tenus proceedings, the circuit court entered a judgment for the plaintiff, finding that she was the common-law wife of the deceased employee.
The employer appeals. We affirm.
At the outset we note that whether a common-law marriage exists in this case is a question of fact, and this court's review of the case, which is before the court on certiorari, Ala. Code (1975), § 25-5-81(d), is limited to questions of law. We will examine the evidence only to determine if there is any legal evidence to support the trial court's findings; if there is any such evidence, this court will affirm. AmericanAutomobile Insurance Co. v. Hinote, 498 So.2d 848
(Ala.Civ.App. 1986); Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App. 1986); Padgett v. International Paper Co., 470 So.2d 1287
(Ala.Civ.App. 1985).
Our review of the record indicates that there is clearly evidence which supports the trial court's conclusion that the plaintiff was the employee's common-law wife at the time of his death and that she is, therefore, entitled to appropriate workmen's compensation benefits.
To establish the existence of a valid common-law marriage in Alabama, "there must be a present agreement or mutual understanding to enter into the marriage relationship, capacity to enter into a marriage, and cohabitation as man and wife with public recognition of the relationship." Baker v. Townsend,484 So.2d 1097, 1098 (Ala.Civ.App. 1986). See Beck v. Beck,286 Ala. 692, 246 So.2d 420 (1971); Luther v. M M Chemical Co.,475 So.2d 191 (Ala.Civ.App. 1985). *Page 1333 
The record reveals that the employee and the plaintiff were at one time legally married, but divorced in November 1982. The plaintiff testified that approximately one month later she and the employee began living together again as husband and wife with the intent to ceremonially remarry. The plaintiffs sister testified that, at the time of the employee's death in November 1983, the employee and the plaintiff were living together with the plaintiff's mother and her son.
The record further shows that the plaintiff and the employee maintained a joint checking account until the employee's death, that they filed a joint income tax return for 1982, and that they jointly signed a note in February 1983 for a bank loan, which the plaintiff testified was for furniture for their home.
This court has held that common-law marriage is based upon presumptive proofs and that public recognition of the marriage relationship is the most persuasive such proof in demonstrating that marriage has been intended by the parties. Bishop v.Bishop, 57 Ala. App. 619, 330 So.2d 443 (Ala.Civ.App. 1976).
The wife presented several witnesses before the trial court whose testimony showed public recognition of a marriage relationship of the plaintiff and the employee. These witnesses testified that it was their understanding that the plaintiff and the employee were husband and wife or that they thought that the plaintiff and the employee had remarried. Some witnesses testified that they heard the employee refer to the plaintiff as his wife and the plaintiff refer to the employee as her husband.
We think that the evidence recited above supports the trial court's conclusion that the plaintiff was the employee's common-law wife. There was certainly some conflicting evidence as to the existence of a common-law marriage in this case. It was the function of the trial court, however, to resolve the conflicts, and its determination will not be reversed by this court unless it is clearly erroneous. Luther, 475 So.2d at 193. Needless to say, the record does not reflect such error.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.