This is an appeal from a judgment of the Circuit Court of Madison County recognizing Gwenda Hall as the common-law wife of Philip Aaberg, deceased.
On March 27, 1986, Gwenda Hall was named the administratrix of Philip Aaberg's estate by the Probate Court of Madison County. Lois Aaberg, acting as mother and next friend of Angela Dawn Aaberg, sought to remove administration of the estate to the Circuit Court of Madison County to determine whether Gwenda Hall was the common-law wife of Philip Aaberg. The administration of the estate was removed to the circuit court. Judge John Snodgrass conducted a non-jury trial, and found that Gwenda Hall was the common-law wife of Philip Aaberg. Lois Aaberg brings this appeal on behalf of Angela Dawn Aaberg.
The elements of a valid common-law marriage in Alabama are well settled. They are: (1) capacity; (2) present agreement or consent to be husband and wife; (3) public recognition of the existence of the marriage; and (4) cohabitation or mutual assumption openly of marital duties and obligations.Mattison v. Kirk, 497 So.2d 120 (Ala. 1986). The only element at issue in this case is the existence of present agreement or consent to be husband and wife.
Philip Aaberg was married to Lois Aaberg in 1965. They had one child, Angela, and subsequently separated in 1968. Philip Aaberg and Gwenda Hall lived together from 1975 until his death in 1986. Philip did not obtain a divorce from Lois until 1978.
There was substantial evidence presented by both sides. The evidence presented to show that a common-law marriage did not exist was mainly composed of documents, which showed that Philip Aaberg and Gwenda Hall represented themselves as single on every document they executed that required the giving of a marital status. The couple maintained separate checking and charge accounts, except for a joint business account. Neither Lois nor Angela Dawn Aaberg considered the couple married.
The evidence in support of the marriage consisted mainly of testimony by family and friends concerning the eleven years they lived together. Philip Aaberg's two brothers, as well as many friends of Philip's, testified that they treated Philip and Gwenda as husband and wife and viewed their relationship as such. Gwenda and Philip took trips together as a married couple; Gwenda worked in Philip's various businesses without pay; she washed his clothes and cut his hair. Paul testified that Philip expressed on at least one occasion that "in God's eyes [he and Gwenda] were husband and wife." Close friends of Philip's testified of his wish to "formalize" his marriage by a civil ceremony. During Philip's stay in the hospital, Gwenda was recognized as his wife on numerous occasions by the staff.
The trial judge in this case rendered a long and detailed order setting out the evidence upon which his judgment was based.
Where a case, such as this one, is presented ore tenus, a strong presumption is indulged in favor of the correctness of the judgment. The court's findings of fact will not be disturbed unless they are unsupported by credible evidence or are found to be plainly and palpably wrong. State ex rel.Graddick v. St. Paul Fire Marine Ins. Co., 431 So.2d 1237
(Ala. 1983); Martin v. Slayton, 428 So.2d 23 (Ala. 1983);Shepherd Realty Co. v. Winn-Dixie Montgomery, Inc.,418 So.2d 871 (Ala. 1982); Morrow v. Wood, 411 So.2d 120 (Ala. 1982). We are of the opinion that the record contains ample evidence to support the judgment. *Page 1377 
The appellants contend that Philip and Gwenda's cohabitation before his divorce from Lois made their relationship illicit in its commencement, and that it would have remained illicit until a change occurred. The trial court noted the illegality of the relationship in its order, yet found that a common law marriage existed. This Court has recognized that where one of the parties is married when the new relationship begins that a common law marriage will be recognized only when a change occurs in the old relationship. See, Rickard v. Trousdale,508 So.2d 260 (Ala. 1987) (husband divorced from first spouse);Boswell v. Boswell, 497 So.2d 479 (Ala. 1986) (husband's first wife dies). The majority of the evidence to establish the common-law marriage concerned conduct of the couple after 1980.
The appellants also urge us to take notice of the fact that Gwenda Hall never took the name Aaberg. While the taking of a man's name by a woman is good evidence of a common-law marriage, it is not required. This Court, in a voter registration case, stated the common-law requirements concerning married names: "Even though the state is correct in stating that most married women customarily assume the surnames of their husbands, . . . we hold they are not legally required to do so." State v. Taylor, 415 So.2d 1043, 1048 (Ala. 1982).
Because there was evidence to support the trial court's finding, and because that finding is not plainly and palpably wrong, the judgment of the trial court is due to be, and it hereby is, affirmed. Kwick Set Components, Inc. v. DavidsonIndustries, Inc., 411 So.2d 134 (Ala. 1982).
AFFIRMED.
ALMON, BEATTY, ADAMS and HOUSTON, JJ., concur.