This appeal arises from an action filed by A.L. Neal that sought to quiet title to certain real property located in Houston County, Alabama. The trial court, after an ore tenus
proceeding, held that Neal owned the entire and undivided fee simple interest in the property, with no restrictions.
John Thomas, by virtue of a deed dated October 3, 1966, was the owner of real property that consisted of five lots located in a Houston County subdivision. On January 31, 1984, by warranty deed, he conveyed this property to his wife, Adeline Thomas. John Thomas died intestate on August 3, 1985, survived by his wife and the defendants/appellants, his four children from a previous marriage ("the children").[1] The children filed an "Amended Affidavit of Title" on January 2, 1986, stating that they were the sole heirs of Thomas and that, because he had died intestate, they were the owners of the five lots located in Houston County.
On July 11, 1990, Adeline Thomas conveyed, by quitclaim deed, the five lots to her brother, A.L. Neal. All of these conveyances were recorded in the probate records of Houston County.
The only issue is whether the trial court erred in finding that John Thomas was competent when he conveyed the property to his wife. The children argue that there was insufficient evidence to support the trial court's conclusion that John Thomas possessed the requisite mental capacity to convey the property, that the deed to Adeline Thomas should therefore be set aside and the property declared vested in John Thomas at his death, and that they, as the sole heirs of John Thomas, are both the legal and equitable owners of the five lots.
Under the ore tenus rule, a trial court's judgment, "where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all the evidence and after drawing all inferences that can logically be drawn from the evidence." Sundance Marina, Inc. v. Reach, 567 So.2d 1322,1324-25 (Ala. 1990).
The presumption is that every person is sane, until the contrary is proven. Hardee v. Hardee, 265 Ala. 669,93 So.2d 127 (1956). Therefore, the children had the burden of proving to the reasonable satisfaction of the trial court that Thomas was incompetent and thus unable to understand in a reasonable manner the nature and effect of his act at the very time he conveyed the property to his wife. Martin v. Slayton,428 So.2d 23 (Ala. 1983); Cagle v. Casey, 405 So.2d 28 (Ala. 1981);Blackwell v. Sewall, 280 Ala. 359, 194 So.2d 519 (1967); Spencev. Spence, 239 Ala. 480, 195 So. 717 (1940).
To void a conveyance of land because of mental incapacity, one must show that the conveyor was unable to understand and comprehend what he was doing. Mere sickness, weakness of intellect, advanced age, or mental enfeeblement are insufficient reasons to invalidate a conveyance. Anderson v.Anderson, 399 So.2d 831 (Ala. 1981); Fortune v. Boutwell,271 Ala. 592, 126 So.2d 116 (1960). The conveyor's mind must have been so impaired at *Page 1002 
the time of the conveyance that he was incapable of acting intelligently and voluntarily during the transaction.Id.
The record shows that John Thomas was an elderly man, although the record does not reveal his exact age. He could not read or write and signed only his mark to the deed. He had had one of his legs amputated and was bedridden. He also suffered from cancerous sores in his mouth that made it difficult for him to speak and to be understood when speaking. Thomas also had heart trouble and had suffered a stroke. The record does not reveal the date that each of these illnesses occurred, but it can be said that Thomas was a very ill man.
A witness to the signing of the deed testified that John Thomas was able to understand things that were said to him and that when he signed the deed he was sitting on the side of the bed in street clothes. This testimony somewhat conflicted with the testimony of the other witness to the signing of the deed, who testified that Thomas signed it while propped up in bed in his bed clothing; however, we find that this is an insignificant contradiction and in no way determinative of Thomas's mental state.
One of the witnesses to the signing of the deed also testified that he explained the deed to Thomas, that to the best of his knowledge Thomas was competent to sign it, and that, when he asked Thomas if he knew it was a deed, Thomas replied "yes." He further testified that he spoke with Thomas for about 45 minutes before he signed the deed.
One of the children testified that he questioned his father's competency, but that the last time he had seen or spoken to his father was in August 1984, while his father was in a hospital. This was about seven months after Thomas had signed the deed conveying the property to his wife.
A neighbor of the Thomases' testified that Thomas could not feed himself and that he was unable to make sense out of what Thomas was saying. Thomas's niece, who also provided some sort of nursing services for Thomas, testified that Thomas was a very ill man and that he could not communicate what he wanted; however, the niece was unable to testify as to what time period she was referring to, except to say that he was incoherent during the last three months of his life.
Furthermore, no medical testimony or hospital records were submitted at trial, and there is no documentation in the record of any mental incompetency or mental disorder. The majority of the testimony from the children consisted only of accounts of how sick and ill Thomas was, and there was no evidence presented to indicate that Thomas was mentally incompetent. As previously stated, old age, mere sickness, and infirmity are not sufficient reasons to set aside a deed for lack of mental competency.
The trial court did not err in holding that the children had failed to carry their burden of proving that Thomas was incompetent and unable to understand the nature and effect of his act of signing the deed. Furthermore, there was evidence to support the trial court's finding that Thomas was competent when he signed the deed, and we can in no way say that the trial court's finding that Thomas was competent is plainly and palpably wrong. The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] One of the children had died intestate, leaving her four children as her surviving heirs.