KENNEDY, Justice.
The plaintiff appeals from a judgment entered in favor of the defendant after a nonjury trial.
On April 7, 1980, Southmont Development Company, Inc. (“Southmont”), entered into a lease with the defendant, Roy Randle, regarding the rental of commercial space at a shopping center that had been recently acquired by Southmont. Randle owned and operated the Rocky Ridge Pharmacy, which had been located at the shopping center for several years prior to the 1980 lease. The lease referred to “Roy H. *1206 Randle, Individually and d/b/a Rocky Ridge Pharmacy.” An addendum to the lease contained an option to renew, which stated in pertinent part:
“Option to renew: In the event that the Lease Agreement is in full force and effect, and the Lessee is not in default thereunder, Lessee shall have and is hereby granted an option to extend the term of the lease for a period of four (4) years provided that notice to the contrary is not served by either party by May 31, 1987. Such extended period to begin immediately upon the expiration of the term of said lease. The provisions of said lease shall apply to such extended term. The monthly minimum rental for the four (4) year extended term of this lease shall be as follows:
“December 1, 1987 through November 30, 1988 — $1700 per month.
“December 1, 1988 through November 30, 1989 — $1800 per month
“December 1, 1989 through November 30, 1990 — $1900 per month
“December 1, 1990 through November 30, 1991 — $2000 per month.
“The option to renew is automatic if notice is not served to the contrary by either party by May 31, 1987.”
(C.R. 65.)
On January 16, 1984, Randle sent a letter to Southmont stating that Pharmacist Donald Goggans would be “operating” the Rocky Ridge Pharmacy. The letter went on to state, “I will still remain primarily liable on our lease dated the 7th day of April, 1980 as I will have a continued interest in the successful operation of the pharmacy. The purpose of this letter is simply to introduce you to Mr. Donald Goggans.” (C.R. 101.) Randle sold the pharmacy to Goggans on January 17, 1984. Randle did not notify Southmont of the sale of the pharmacy.
No notice to terminate the lease was received by Southmont, and Southmont did not send notice to Randle terminating the lease by May 31, 1987, as was required by the lease agreement. From December 1, 1987, until November 1, 1990 when the premises were vacated, Southmont received monthly rental payments from the Rocky Ridge Pharmacy according to the payment schedule in the lease agreement.
Southmont sued Randle individually for breach of the lease agreement. At trial, the parties stipulated that the damages due to Southmont would be $10,500[1] and that should the trial court enter a judgment in favor of Southmont, the trial court could award attorney fees, in its discretion. The trial court, sitting without a jury, found in favor of Randle, and Southmont appealed.
When a trial court, without a jury, hears ore tenus evidence, its findings are presumed to be correct and its judgment based on those findings will not be reversed on appeal unless the appellate court finds it to be unsupported by the evidence or plainly and palpably wrong, after considering all the evidence and after making all reasonable inferences from that evidence. Spruiell v. Robinson, 582 So.2d 508 (Ala.1991).
Randle’s own letter indicated that he would “remain primarily liable on the lease” and that Goggans would be operating the pharmacy. Randle never notified Southmont of his intent not to renew the lease and never notified Southmont of the sale of the pharmacy to Goggans. The rental payments continued for almost three years and accorded with the payment schedule in the renewal clause. Randle argues that the letter he sent to Southmont amounted to notice that he was assigning the lease to Goggans. However, Randle’s own letter indicates that he would remain liable on the lease.
This case is easily distinguishable from Morrow v. Wood, 411 So.2d 120 (Ala.1982). In Morrow, we held that the clause in the shopping center lease concerning an option to renew was not in effect an automatic renewal clause binding both parties to the lease for an additional five years even *1207 though the tenant failed to notify the landlord of his intent to terminate the lease within the time period stated in the lease. The trial court in Morrow made specific findings to support its conclusion that the option to renew was not binding. Evidence presented to the trial court in Morrow indicated that the landlord did not know of the renewal clause in the lease until two years after the lease was signed. Also, there was a prior agreement between the parties in Morrow that conflicted with the terms of the renewal clause.
Based on the record, it is clear that Ran-dle renewed the lease pursuant to the renewal clause in the lease agreement. We reverse the judgment and remand this case for the entry of a judgment for Southmont in the amount of $10,500 and for a determination of whether an award of attorney fees is appropriate.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, JJ„ concur.

. Southmont was able, on March 1, 1991, to lease to a third party the premises vacated by the pharmacy, and it claimed rental payments for the four-month period from November 1, 1990, through February 28, 1991.