The defendant, Dorothy L. Loerch, appeals from a declaratory judgment in favor of the plaintiff, National Bank of Commerce of Birmingham ("NBC"). We reverse and remand.
The controlling issue is whether the assignment and pledge of a jointly held certificate of deposit ("CD"), which was signed by only one joint owner even though the document itself specifically required the signature of both, is valid.
On January 9, 1990, Herbert Loerch purchased from NBC a $60,000 CD in the joint names of "Herbert J. Loerch or Dorothy L. Loerch." One week later, Mr. Loerch pledged the CD to NBC, guaranteeing payment of a line of credit extended by NBC to Jones and Associates Advertising, Inc.
Although the "Assignment and Pledge" form was signed only by Mr. Loerch, the form, which had been provided by NBC, clearly contained a provision at the bottom of the document stating that "on joint accounts or jointly held certificates of deposit(Mr. and Mrs.) all co-owners must sign this form." (C.R. 55) (Emphasis added).
Mr. Loerch died on April 10, 1991. Mrs. Loerch was advised by a notice from NBC that the CD would mature on January 9, 1992, and would be renewed for a year at the simple interest rate in effect at the time of renewal.
On January 8, 1992, NBC filed a claim against Herbert Loerch's estate, stating that the loan guaranteed by the CD was due. Mrs. Loerch, through counsel, demanded that NBC surrender the CD to her.
NBC sued Mrs. Loerch, seeking a judgment declaring that the pledge was enforceable and asking the court to enforce Herbert Loerch's pledge of the joint account as security for the past due note. Mrs. Loerch counterclaimed, seeking damages for an alleged conversion. The trial court granted NBC's motion for summary judgment on all claims and counterclaims and entered a judgment *Page 553 
declaring the assignment and pledge valid.
We note first that it is undisputed that the CD in question was jointly held by the Loerches. That being the case, the language at the bottom of the NBC form clearly precluded the assignment of the CD without the signatures of both Loerches. We are not persuaded that the "Mr. and Mrs." language in the wording of the provision had any effect on the nature of the jointly held estate.
The intention of the parties controls in construing a written contract, and the intention of the parties is to be derived from the contract itself, where the language is plain and unambiguous. Food Service Distributors, Inc. v. Barber,429 So.2d 1025 (Ala. 1983). Likewise, in Flowers v. Flowers,334 So.2d 856, 857 (Ala. 1976), this Court held that, absent evidence to the contrary, "the words of an agreement will be given their ordinary meaning."
It appears that NBC, by acting without the signature of Mrs. Loerch, was violating its own agreement. It further appears that its violation made the assignment invalid from the outset. We note that the language of an instrument is to be construed most strictly against the party drafting the instrument. SeeMorrow v. Wood, 411 So.2d 120 (Ala. 1982).
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.