## In re ESTATE OF Allen J. GLOVER.

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 10, 1994.

Application for Permission to Appeal
Denied by Supreme Court
July 18, 1994.

W. Lee Lackey, Lackey, Lackey & Ross, Savannah, for petitioner/appellant.

Daniel L. Smith, Smith & Smith, Savannah, for respondent/appellee.

FARMER, Judge.

Allen J. Glover died on November 20, 1988, a resident of Hardin County, Tennessee. His brother, Ferrell Glover, was appointed administrator of his estate. The "Petition for the Appointment of Administrator" lists the deceased's son, Michael Glover, as sole heir. Appellant filed a petition in chancery court alleging that she was the common law wife of the deceased pursuant to the common law of the State of Alabama and requesting that she be declared his widow. The estate, for answer, denied the allegation. After a hearing, the chancellor determined that the elements necessary for recognition of a common law marriage in Alabama had not been established and denied the petition. The issue on appeal, as stated by Appellant, is "whether or not the deceased, Allen J. Glover, and Rose King Glover were common law man and wife at the time of his death."

The parties agree, and correctly so, that a common law marriage cannot be established in the State of Tennessee, but that

Tennessee will recognize a valid common law marriage entered into in a jurisdiction where common law marriages are sanctioned. *See Andrews v. Signal Auto Parts, Inc.*, 492 S.W.2d 222, 223 (Tenn.1972). It is further agreed that common law marriages are valid in the State of Alabama, *see Andrews*, 492 S.W.2d at 223, and that the elements necessary for recognition of a common law marriage in that state are:

(1) Capacity;

(2) present agreement or consent to be husband and wife;

(3) public recognition of the existence of the marriage; and

(4) *cohabitation or mutual assumption* openly of marital duties and obligations.

*Aaberg v. Aaberg*, 512 So.2d 1375, 1376 (Ala. 1987). Of the aforementioned elements, the chancellor found that Appellant and the deceased had no present agreement to be husband and wife while in Alabama; that the evidence failed to establish a public recognition in Alabama of a marriage between the two; and that there was no evidence of a mutual assumption openly of marital duties.[1]

■ Appellant testified that she met the deceased in 1977 and that prior to this time she had married and divorced Gene Paschall King. In January 1977, she began accompanying Glover to Alabama on weekends where he participated in card games and gambled. When asked what she did while he gambled, Appellant explained:

We would go down there and we would go out to eat and he wouldn't let me go to the card games because he said it was too dangerous..... We'd go down there, we'd check into a motel and then we'd go out to eat. We'd go early and then go out to eat and then we'd do some shopping and then, he would leave about 8 o'clock and go to the card game. Then, he would come in like about 12:00 or 1:00 and I'd wait at the motel.

She stated that these trips continued throughout the year of 1977, approximately two to three times per month, and that she accompanied him "some in 1978 and ... some in 1979." Both resided at this time in Tennessee. Appellant testified that in June 1977, while in Alabama, the couple had sexual relations and said their marriage vows to each other with their hands placed on the Bible. She stated that Glover registered them at hotels in Alabama as Mr. and Mrs. and introduced her to a person in Alabama as his wife. Glover also purchased her food, clothing and shelter while in the state. From 1978 to 1980 she and Glover lived together in River Heights in Hardin County.

On cross examination, Appellant testified that both her driver's license and social security card are issued to "Rose King." She stated that in 1987 and 1989 respectively, she filed two separate lawsuits wherein she was identified in the style of the case as "Rose King." Counsel introduced interrogatories filed in one of the lawsuits wherein Appellant was asked to list her marital status, previous marital status and the name of the spouse and/or ex-spouse. Appellant's answer stated that she was presently unmarried and that she was formerly married to Paschall King. Appellant signed the answers under oath in the name "Rose King." She stated that she and Glover did not jointly own property in Alabama, did not have a joint checking account, and did not file joint tax returns. She conceded at trial that when asked the following question during a discovery deposition, "what statements were made by [Glover] to lead you to believe that you were married," she had responded:

Well, he had asked me to marry him and I told him that I wanted to get to know him better first and so that's when we decided to move in River Heights. I told him that it would be best for us to just move in and I will tell my son that we were married and that my daughter would understand. She was 14 at that time.

Appellant further testified that in 1987 she and Glover were planning a wedding and honeymoon. She admitted placing an article in the Savannah Courier, after Glover's death, identifying herself as his "fiancee."

Shirley Callahan, Appellant's sister, testified that Glover had stated to her that Appellant was his common law wife during a con-

---

1. The parties do not dispute that Appellant and the deceased had the capacity to marry.

versation that occurred in Tennessee. She admitted that she never saw them together in Alabama. Appellant's daughter, Bridget King, testified that she lived with her mother and Glover in River Heights from 1978 to 1980 and that Glover referred to her mother as "his wife." She testified that in 1987 her mother was planning a wedding for herself and Glover.

Mary James testified that she accompanied Appellant to Alabama on one occasion where the latter met Glover. Ms. James later moved to Alabama. She stated that Appellant and Glover visited her on one occasion in Alabama and that she "was under the impression that they were married and that . . . he was her husband."

Annette Barnett, testifying on behalf of the estate, stated that she met and started dating the decedent in 1977. She began living with him in May 1978 and during the years 1977 through 1979, she accompanied him to Alabama. These trips were made "twice a week" and "during the week" in 1978. She stated that Glover also dated other women during the years 1977 through 1979, including Appellant. They ceased living together in May 1979, but continued dating.

Richard Hammett testified that he was incarcerated at Maxwell Air Force Base in Montgomery, Alabama with Glover. He stated that in order to receive visitors at the prison, forms had to be completed listing intended visitors and their relationship to the prisoner. Hammett testified that Appellant was on Glover's list wherein he identified her as a "friend."

■ Based on the foregoing, we hold the proof insufficient to establish a common law marriage between Appellant and the deceased. The only person testifying as to public recognition was Mary James who stated that Appellant and Glover visited her in Alabama on one occasion and that she "was under the impression" that they were husband and wife. The only activities the couple engaged in while in Alabama were eating out and shopping. The State of Alabama requires "clear and convincing proof" of the existence of a common law marriage. *Bishop v. Bishop*, 57 Ala.App. 619, 330 So.2d 443,

445 (1976). The record before this Court does not establish clear and convincing proof of the element of public recognition, which alone is adequate to defeat Appellant's claim.

We find, however, that the proof is equally lacking as to the other elements. Appellant's contention that she and the decedent had a present agreement to be husband and wife is contradicted by her own testimony and subsequent actions in Tennessee. Most revealing is the fact that she identified herself, after Glover's death, as his fiancee and swore under oath in 1987 that she had only been married to one person—Paschall King.

At oral argument, counsel for Appellant argued that the evidence presented regarding events occurring from 1978 up until Glover's death are not relevant. We agree that the requisite elements necessary to establish a valid common law marriage must have occurred in the State of Alabama. *See Andrews*, 492 S.W.2d at 224. However, we hold the actions of Appellant and Glover, occurring after 1977 and in Tennessee, relevant as to the issue of credibility.

We find no evidence that the parties cohabited or mutually assumed openly marital duties and obligations. As found by the trial court, the only activities the couple engaged in while in Alabama were "eating, shopping and sharing a motel room."

The judgment of the trial court is affirmed. Costs are taxed to Appellant, for which execution may issue if necessary.

TOMLIN, P.J. (W.S.), and HIGHERS, J., Concur.